STATE OF NORTH CAROLINA v. CHARLES BUFORD CALLAHAN

No. 8616SC1235

(Filed 2 June 1987)

1. **Rape and Allied Offenses § 6.1— first degree sex offense—no instruction on attempt required**

   In a prosecution for first degree sex offense, defendant was not entitled to an instruction on attempt where the victim testified that defendant inserted his penis into her anus and then into her vagina.

2. **Rape and Allied Offenses § 6— first degree sex offense—instruction given in the disjunctive—error**

   Defendant was deprived of his right to be convicted by the unanimous verdict of a jury in open court where the trial court erroneously instructed the jury that it could convict defendant of first degree sex offense if it found that he forced the victim to perform either fellatio or anal intercourse.

APPEAL by defendant from *Bowen, Judge*. Judgment entered 23 July 1986 in Superior Court, SCOTLAND County. Heard in the Court of Appeals 11 May 1987.

Defendant was indicted for first degree rape, first degree sex offense and first degree kidnapping. The jury found defendant guilty of second degree rape, second degree sex offense and second degree kidnapping.

The State presented evidence at trial which showed the following: On 10 November 1985, the victim stopped at a service station to purchase some gasoline. When she returned to her car, defendant got in and told her to take him home. Defendant then grabbed the victim's hair and forced her to drive to an isolated dirt road. Defendant hit the victim several times and then forced her to perform fellatio on him. The victim also testified that defendant put his penis in her anal opening and then in her vagina.

After the incident, the victim told a doctor in the emergency room that there had been oral insertion and vaginal insertion of defendant's penis and also attempted anal insertion. The victim did not mention the anal insertion to police when she reported the rape.

From the judgment of the trial court, defendant appeals.

State v. Callahan

*Attorney General Lacy H. Thornburg, by Associate Attorney General Lorinzo L. Joyner, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Robin E. Hudson, for defendant appellant.*

ARNOLD, Judge.

Defendant makes no assignments of error with respect to the rape and kidnapping convictions (case Nos. 85CRS6757 and 85 CRS6759 respectively). Therefore, we find no error concerning these convictions. In regard to his conviction for second degree sex offense (case No. 85CRS6758), defendant presents two assignments of error.

[1] Defendant first contends that he is "entitled to a new trial because the trial court refused to instruct the jury on attempt, where the evidence was equivocal on the sex offense charge." A review of the evidence shows this contention to be without merit.

The victim testified at trial that when defendant was attempting to have vaginal intercourse with her, he "missed the spot" and inserted his penis into her anal opening. The victim further testified that defendant then admitted his mistake, cleaned himself off and inserted his penis into the victim's vagina.

In order to be entitled to an attempt instruction, the evidence must show that defendant, with the requisite intent, committed an act that went beyond mere preparation but fell short of actual completion of the offense. *State v. Boone*, 307 N.C. 198, 297 S.E. 2d 585 (1982). An attempt instruction is not warranted merely because there is no medical evidence of penetration or other physical symptoms, as long as there is sufficient evidence of completed acts of fellatio and anal intercourse. *State v. Smith*, 315 N.C. 76, 337 S.E. 2d 833 (1985). The mere possibility that the jury might believe part but not all of the victim's testimony is not sufficient to require a court to submit to the jury the issue of a defendant's guilt or innocence of a lesser included offense than that which the victim testified was committed. *State v. Lampkins*, 286 N.C. 497, 212 S.E. 2d 106 (1975), *cert. denied*, 428 U.S. 909 (1976).

After examining the evidence in the present case, we hold that defendant was not entitled to an instruction on attempt. The trial court correctly denied defendant's request.

[2] Defendant also contends that the trial court committed reversible error in instructing the jury that it could convict defendant of first degree sex offense if it found that he forced the victim to perform either fellatio or anal intercourse. We agree.

It is necessary to first point out that defendant did not object to this instruction at trial. However, when the error by the trial court violates a defendant's right to a trial by a jury of twelve, defendant's failure to object is not fatal to his right to raise the issue on appeal. *State v. Ashe*, 314 N.C. 28, 331 S.E. 2d 652 (1985). In the present case, defendant argues that the jury instructions charging crimes in the disjunctive affected his right to a unanimous verdict by a jury of twelve. Thus, defendant may present this issue on appeal.

The trial court instructed the jury that they could find defendant guilty of sexual offense if they found that he engaged in either "fellatio or anal intercourse." In *State v. Diaz*, 317 N.C. 545, 346 S.E. 2d 488 (1986), defendant Diaz was convicted of trafficking in marijuana on the basis of a jury instruction permitting conviction upon a finding that Diaz knowingly "possessed or transported" the 10,000 pounds or more of marijuana. The Court stated:

> [t]here is no way for this Court to determine whether the jurors unanimously found that defendant possessed 10,000 pounds or more of marijuana, transported 10,000 pounds of marijuana, both possessed and transported 10,000 pounds or more of marijuana, or whether some jurors found that defendant possessed the marijuana and some found that he transported it. Therefore, we hold that defendant has been deprived of his constitutional right to be convicted by a unanimous jury and is entitled to a new trial. (Citations omitted.)

*Id*. at 555, 346 S.E. 2d at 494.

In the present case, there is no way for this Court to tell whether defendant was convicted of second degree sexual offense because the jury unanimously agreed that defendant engaged in

fellatio, anal intercourse, both fellatio and anal intercourse, or whether some members of the jury found that he engaged in fellatio but not anal intercourse and some found that he engaged in anal intercourse but not fellatio. Defendant has a constitutional right to be convicted by the unanimous verdict of a jury in open court. N.C. Const. art. 1 § 24; G.S. 15A-1237(b). Defendant was deprived of that right in the case *sub judice*. Accordingly, defendant's conviction of second degree sexual offense is reversed and remanded for a new trial.

Case No. 85CRS6757 — no error.

Case No. 85CRS6758 — new trial.

Case No. 85CRS6759 — no error.

Judges EAGLES and PARKER concur.