STATE OF NORTH CAROLINA v. MICHAEL RAY BRITT

No. 8816SC518

(Filed 7 March 1989)

1. **Constitutional Law § 69; Rape and Allied Offenses § 4— sexual abuse of child — right to confrontation — not raised at trial**

   In a prosecution arising from the sexual abuse of defendant's daughter by defendant, defendant could not raise for the first time on appeal Sixth Amendment confrontation clause issues regarding his ex-wife's testimony as to what their daughter had told her. Moreover, there was no prejudice even if there was error in the admission of testimony on the two occasions when defendant objected.

2. **Rape and Allied Offenses § 4— child sexual abuse — mother's statements to doctors concerning child's statements — no error**

   There was no error in a prosecution for rape, incest, taking indecent liberties with a child, and first degree sexual offense from the admission of testimony from the victim's pediatrician concerning the mother's statements to him and his partner relating what the victim had told her mother. Defendant waived his objection when the mother later testified to the same incidents without objection.

3. **Criminal Law § 50.1— sexual abuse of child—pediatricians' testimony that child's statements credible—no plain error**

There was no plain error in a prosecution arising from the sexual abuse of a child in allowing the victim's pediatricians to testify that the child's statements were credible.

4. **Criminal Law § 100— sexual abuse of child—private counsel—use of mother's counsel in custody suit—no plain error**

There was no plain error in a prosecution arising from the sexual abuse of a child from the use of counsel in the mother's custody suit as private prosecutors where the private prosecutors were involved only by the consent of the district attorney, the private prosecutors and the district attorney tried the case together, and there was no underlying judgment the enforcement of which would benefit one party.

5. **Rape and Allied Offenses § 6— first degree sexual offense—instructions—unanimity of verdict**

There was plain error in a conviction for first degree sexual offense where the court's instruction described six separate sexual acts, the evidence would support a conviction based on at least three of those acts, and the offense or offenses for which defendant was found guilty could not be determined from the jury's general verdict. N.C.G.S. § 15A-1237(b), North Carolina Constitution, Art. I, § 24.

6. **Rape and Allied Offenses § 19— indecent liberties—instructions—unanimity of verdict**

A conviction for taking indecent liberties with a child was reversed where the court's instruction pointed out three distinct types of acts which would constitute taking indecent liberties, the evidence would support a conviction based on any of the three acts, and the act or acts which the jury found defendant had committed could not be determined.

7. **Rape and Allied Offenses § 5— sexual abuse of child—motion to dismiss charges denied—no error**

There was no error in a prosecution for rape, taking indecent liberties with a child, incest, and first degree sexual offense from the denial of defendant's motion to dismiss all charges.

.

APPEAL by defendant from *Currin, Judge*. Judgment entered 9 December 1987 in Superior Court, ROBESON County. Heard in the Court of Appeals 10 January 1989.

A jury convicted Michael Ray Britt (defendant) of first degree rape, incest, taking indecent liberties with a child, and first degree sexual offense. The victim was defendant's young daughter, Michelle. The trial court sentenced defendant to concurrent life sentences for the rape and sexual offense charges and six years each for incest and indecent liberties to run consecutively with the life sentences. Defendant appeals.

*Attorney General Thornburg, by Associate Attorney General Martha K. Walston, for the State.*

*Geoffrey C. Mangum for the defendant-appellant.*

EAGLES, Judge.

In this child sexual abuse case defendant presents numerous assignments of error. We hold that the trial court erred in instructing the jury as to the first degree sexual offense and indecent liberties charges. Accordingly, we reverse and remand for a new trial on those charges; otherwise, we find no prejudicial error.

The evidence for the State tended to show the following: Defendant and his wife, Martha, separated on 9 December 1983 with Martha retaining custody of their 13 month old daughter Michelle. Michelle was born on 10 November 1982. In October 1984 Martha took her daughter to see a local pediatrician, Dr. Young, because Michelle was complaining that her "bottom" hurt and because Michelle had used sexually explicit language. Dr. Young's examination found nothing physically wrong. Sometime thereafter Dr. Young's partner, Dr. Adams, became Michelle's pediatrician.

In December 1985 Dr. Adams referred Michelle to another pediatrician, Dr. Frothingham, because Michelle had suffered a number of recurring infections, including vaginitis. Dr. Frothingham testified that he saw Michelle in February 1986 and that "the opening to her vagina was larger than it should be in a child that age." Upon his examination of Michelle and Dr. Young's office notes, Dr. Frothingham concluded that Michelle might be a sexual abuse victim. He told Martha of his concerns and advised her to watch Michelle closely.

Martha testified that on or about 9 April 1986, after returning home from a visit with her father, Michelle was watching television. Shortly after her father left, Michelle told Martha of instances of sexual abuse committed against her by defendant. Defendant did not object to this testimony. The following day Martha went to Dr. Adams' office, without Michelle, and talked with him about what Michelle had told her. Dr. Adams advised Martha to contact a local psychologist, Dr. Dennis O'Brien.

The following day Dr. O'Brien examined Michelle. After talking with Michelle for about thirty minutes Dr. O'Brien concluded that Michelle had been sexually abused. He recommended that Martha not allow defendant to visit with Michelle.

Beginning in May 1987 Michelle began seeing Dr. Susan Deese, a child psychologist. Dr. Deese testified that she examined Michelle and that Michelle showed her what her father had done to her. While using anatomically correct dolls Michelle first identified for Dr. Deese the various parts of the body. She called the male doll's penis a "weewee." She called the vagina and urinary opening on the female doll "peepee" and "weewee." In part, Michelle told Dr. Deese that "[m]y daddy used to touch my peepee" and "Daddy put his tongue on my weewee." In a later interview with Dr. Deese, Michelle told the doctor that defendant put soap and his fingers in her vagina and rectum. She then related to Dr. Deese that "Daddy used to touch me with his weewee and stuck it in my peepee."

After Dr. Deese testified, the State, without examining her, tendered Michelle for defendant's cross-examination. Defendant declined to cross-examine Michelle.

The evidence for the defendant tended to show the following: Dr. Bob Rollins, a forensic psychiatrist at Dorothea Dix Hospital, testified that defendant did not meet the psychological profile of one who sexually abuses children. Defendant's former boss, Billy Howard, testified that defendant's reputation within the community was excellent. Both defendant's mother and sister testified that defendant loved his daughter, took good care of her when they visited, and that he behaved appropriately when he was with her. The defendant testified in his own defense denying each of the charges.

[1] On appeal defendant argues that Martha's testimony as to what Michelle told her was hearsay the admission of which violated his rights under the Sixth Amendment's Confrontation Clause.

STATE v. BRITT

[93 N.C. App. 126 (1989)]

He further argues that Martha's testimony is not admissible under any of the arguably applicable hearsay rule exceptions: excited utterance, N.C. R. Evid. 803(2); medical diagnosis or treatment, N.C. R. Evid. 803(4); or the residual exception, N.C. R. Evid. 803(24).

We first note that defendant raised no Confrontation Clause issue or any other constitutional issue at trial. Accordingly, he may not raise constitutional issues for the first time on appeal. *In re Gorski v. N.C. Symphony Society*, 310 N.C. 686, 314 S.E. 2d 539 (1984). Moreover, defendant objected only twice during Martha's testimony. The exceptions brought forward by defendant are not related to Martha's testimony about abuse of Michelle. Defendant has not properly preserved as error Martha's testimony of Michelle's abuse and we may not address it in our review. N.C. R. App. Proc. 10(b); *State v. Tolley*, 290 N.C. 349, 226 S.E. 2d 353 (1976).

Defendant's first exception during Martha's testimony came when Martha testified that she took Michelle to see Dr. Young in October 1984 because Michelle complained that her "bottom" hurt and because Michelle had used a sexually explicit four letter word. Since Dr. Young actually examined Michelle on this visit, Martha's testimony of what she recounted to the doctor is admissible under North Carolina Rule of Evidence 803(4). *State v. Smith*, 315 N.C. 76, 337 S.E. 2d 833 (1985); 4 Weinstein's Evidence section 803(4)[01] (1985). Even if its admission were error, defendant was not prejudiced by this testimony because the evidence shows that Dr. Young discovered nothing physically wrong with Michelle in October 1984.

Defendant's only other exception came when Martha described an incident in November 1985 between Michelle and defendant which Michelle had told her occurred while they were fishing. Michelle came home upset because she claimed that defendant had threatened to kill her and Martha because Michelle was not playing in the area defendant told her to play. Assuming *arguendo* that the admission of this testimony was error, defendant has failed to demonstrate evidence sufficient to show that a different result would have been reached. G.S. § 15A-1443(a). Given the remaining physical and circumstantial evidence presented by the State we conclude that there was no prejudice. This assignment of error is without merit.

[2] Defendant also assigns as error the trial court's admission of Dr. Adams' testimony concerning Martha's statements made to him and his partner, Dr. Young, relating what Michelle had told her mother. While Dr. Adams' testimony should have been excluded initially, defendant waived his objection to that testimony when Martha later testified to the same incidents without objection. *State v. Lloyd*, 321 N.C. 301, 364 S.E. 2d 316 (1988), *petition for cert.* filed (1989). Accordingly, we overrule this assignment of error.

[3] In defendant's third assignment of error he argues that the trial court committed plain error in allowing Dr. Adams, Dr. O'Brien, and Dr. Deese to testify that Michelle's statements to them were credible. Defendant correctly argues that Rule 405(a) of the North Carolina Rules of Evidence states, in part, that "[e]xpert testimony on character or a trait of character is not admissible as circumstantial evidence of behavior." However, we note that defendant failed to object to this testimony at trial thereby waiving his right to object on appeal. Furthermore, in reviewing the entire record, we decline to hold that the admission of this testimony was such a fundamental error as to constitute plain error. *State v. Black*, 308 N.C. 736, 303 S.E. 2d 804 (1983).

[4] Defendant next assigns as error the State's use of Martha's custody suit counsel as private prosecutors in prosecuting this case. He contends that the private prosecutors' degree of control over the case violated due process under both the state and federal constitutions. Defendant further argues that the Supreme Court's decision in *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 95 L.Ed. 2d 740, 107 S.Ct. 2124 (1987), states that the appointment of a private prosecutor in a criminal matter who also represents an interested party in civil litigation is a fundamental error which can never be deemed harmless. As previously noted, defendant failed to raise any constitutional issues at trial and is, therefore, precluded from raising them for the first time on appeal, *In re Gorski*, at 694, 314 S.E. 2d at 544, unless plain error occurred. *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983).

We hold that *Young* is distinguishable from the instant case. First, *Young* involved the court appointment of a private prosecutor who prepared and tried the case without any involvement or assistance of the U.S. Attorney's office so that the private prosecutor was the sole representative of the people's interest in the case. Additionally, in *Young* the trial court appointed the private prosecutor to pursue criminal contempt charges against the defend-

ants for violating the provisions of an earlier consent judgment. Here private prosecutors were involved only by consent of the district attorney. The private prosecutors and an assistant district attorney tried the case together. *Person v. Miller*, 854 F. 2d 656 (4th Cir. 1988). Further, unlike *Young*, in this case there was no underlying judgment whose enforcement would benefit one party. We hold, therefore, that *Young* does not control here and that the use of private prosecutors, on this record, does not constitute plain error.

By defendant's fifth assignment of error he contends that the trial court committed plain error in instructing the jury on the first degree sexual offense and indecent liberties charges. We agree and, accordingly, we reverse those two convictions.

[5] Defendant contends that even though he failed to object to the trial court's instructions, when the instructions violate his right to a unanimous verdict he may argue plain error on appeal. N.C. Const. Art. 1 section 24; G.S. § 15A-1237(b). We agree. In *State v. Callahan*, 86 N.C. App. 88, 356 S.E. 2d 403 (1987), this court held that the trial court erred in instructing the jury that if the defendant forced his victim to perform fellatio or anal intercourse, he would be guilty of first degree sexual offense. We said that "there is no way for this Court to tell whether defendant was convicted of second degree sexual offense because the jury unanimously agreed that defendant engaged in fellatio, anal intercourse, both fellatio and anal intercourse, or whether some members of the jury found that he engaged in fellatio but not anal intercourse and some found that he engaged in anal intercouse but not fellatio." *Id.* at 90-91, 356 S.E. 2d at 405. Here, the trial court's instructions on the first degree sexual offense and indecent liberties charges are similarly defective.

The trial court instructed the jury that in order to convict defendant on the first degree sexual offense charge the State must show

> First, that the Defendant engaged in a sexual act with the victim. A sexual act means any touching, however slight, by the lips or the tongue of one person to any part of the female sex organ of another. Any touching by the lips or tongue of one person of the male sex organ of another. Any touching by the lips or tongue of one person in the anus of another. Any penetration, however slight, of the anus of any person

by the male sex organ of another. Any penetration, however slight, by an object into the genital or anal opening of a person's body.

Defendant points out that this instruction describes six separate sexual acts. The evidence presented in this case could support a conviction based on at least three of these acts. As in *Callahan*, we cannot ascertain from the jury's general verdict for which offense or offenses they found defendant guilty. Accordingly, we reverse defendant's conviction for first degree sexual offense.

[6] The trial court instructed the jury that in order for the State to prove the indecent liberties charge it must demonstrate

First, that the Defendant willfully took an indecent liberty with a child for the purpose of arousing or gratifying sexual desire. An indecent liberty is an immoral, improper or indecent touching or act by the Defendant upon the child or an inducement by the Defendant of an immoral or an indecent touching by the child.

This instruction points out three distinct types of acts which would constitute taking indecent liberties. The evidence presented by the State could support a conviction based on any of the three acts. Since we cannot determine which act or acts the jury found that defendant committed, we must reverse this conviction as well.

[7] Defendant argues that the trial court erred in failing to grant his motion to dismiss all charges made at the close of the State's evidence and at the close of all of the evidence. We disagree. By his introduction of evidence defendant waived his right to object to the trial court's denial of his motion made at the close of the State's evidence. *State v. Powell*, 74 N.C. App. 584, 328 S.E. 2d 613 (1985); G.S. § 15-173. Therefore, we address only defendant's motion made at the close of all of the evidence.

Considering the evidence in the light most favorable to the State, we hold that there was substantial evidence of both the first degree rape and incest charges. Dr. Deese testified that Michelle told her that "Daddy used to touch me with his weewee and stuck it in my peepee." This evidence is sufficient to support a verdict of guilty of incest, carnal intercourse with defendant's daughter. G.S. § 14-178. Further, the State's evidence showed that Michelle was between three and four years old at the time of the offense and that defendant was more than four years older than Michelle,

supporting the charge of first degree rape. G.S. § 14-27.2. This assignment of error is without merit.

In his brief defendant argues four additional issues. He contends that the trial court erred in instructing the jury upon its reporting that it was deadlocked and that the trial court erred in finding certain aggravating factors during sentencing. In each of these instances defendant failed to object to the trial court's action. Accordingly, we may not address any of these issues on appeal. N.C. R. App. Proc. 10(b).

In summary, we find no prejudicial error in the first degree rape and incest convictions. However, we find that the trial court committed plain error in instructing the jury on the first degree sexual offense and indecent liberties charges. Accordingly, as to those two charges we reverse and remand.

Affirmed in part; reversed and remanded in part.

Judges PARKER and LEWIS concur.