STATE OF NORTH CAROLINA v. BILLY GENE JERRELLS

No. 8914SC483

(Filed 1 May 1990)

1. **Criminal Law § 89.4 (NCI3d)— impeachment of own witness— prior inconsistent statement—collateral matter—extrinsic evidence inadmissible**

    Where a State's witness denied making a prior inconsistent statement which was damaging to defendant, the trial court erred in permitting the State to present testimony by a detective recounting the inconsistent statement, since a party may not introduce evidence to impeach its witness's testimony regarding a collateral matter.

    **Am Jur 2d, Witnesses §§ 521, 612.**

STATE v. JERRELLS

[98 N.C. App. 318 (1990)]

2. **Criminal Law § 904 (NCI4th); Rape and Allied Offenses § 19 (NCI3d)— indecent liberties—instructions—use of disjunctive for purpose**

Defendant's right to a unanimous verdict was not violated by the trial court's instruction that defendant could be found guilty of taking an indecent liberty if it found that he "willfully took an indecent liberty with a child for the purpose of arousing *or* gratifying sexual desire" since the court merely allowed the jury to choose between alternate purposes for which a single act may have been committed.

**Am Jur 2d, Infants § 17.5; Trial § 721.**

3. **Constitutional Law § 80 (NCI3d); Rape and Allied Offenses § 7 (NCI3d)— first degree sexual offense—life imprisonment— constitutionality**

The mandatory life sentence for first degree sexual offense does not constitute cruel and unusual punishment.

**Am Jur 2d, Criminal Law § 627.**

4. **Criminal Law § 270 (NCI4th)— denial of continuance to obtain witness**

Defendant's constitutional right to present a defense was not denied by the trial court's refusal to continue a sexual offense case to permit defendant to secure a witness to testify regarding a medical report.

**Am Jur 2d, Criminal Law § 717.**

APPEAL by defendant from judgments entered 8 December 1988 by *Judge Henry W. Hight, Jr.*, in DURHAM County Superior Court. Heard in the Court of Appeals 9 January 1990.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Norma S. Harrell, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Mark D. Montgomery, for defendant-appellant.*

ORR, Judge.

Defendant, Billy Gene Jerrells, was convicted of one count of first degree sexual offense and one count of taking indecent liberties with a minor. He was sentenced to a mandatory term

of life imprisonment for the sexual offense and a consecutive term of three years for the indecent liberties charge.

At trial, the State's evidence tended to show that defendant, the prosecutrix, and a third man were in a motel room along with several other persons. At some point during this time, the group went out for food and to run errands but these three remained in the room. After some conversation, the two men undressed the prosecutrix. They thereafter engaged in illicit acts of sexual intercourse with her against her will.

Defendant presented evidence which tended to show that he and the prosecutrix were prior acquaintances and that he had asked for the police to be called after the prosecutrix began to accuse him of raping her in the presence of the group. Other facts which are pertinent to this opinion will be addressed herein. Defendant now appeals his convictions before this Court.

[1] The first issue which we shall address is whether the trial court erred in allowing the State to introduce extrinsic evidence to impeach its witness's testimony regarding collateral matters. We find that the court did err and accordingly grant defendant a new trial.

The laws of our State make it clear that "[t]he credibility of a witness may be attacked by any party, including the party calling him." N.C. Gen. Stat. § 8C-1, Rule 607 (1988). Moreover,

> [a] witness may be cross-examined by confronting him with prior statements inconsistent with any part of his testimony, but where such questions concern matters collateral to the issues, the witness's answers on cross-examination are conclusive, and the party who draws out such answers will not be permitted to contradict them by other testimony.

*State v. Williams*, 322 N.C. 452, 455, 368 S.E.2d 624, 626 (1988) (citation omitted). In *Williams*, the defendant, who was charged with rape, had his brother-in-law testify on his behalf. *Id.* at 453, 368 S.E.2d at 625. His testimony tended to exculpate defendant. *Id.* When the witness was asked whether he had told his probation officer that defendant had admitted having sex with the prosecutrix to him, the witness said "no." *Id.* The witness's probation officer was then called by the State to testify. His testimony detailed the statement which was allegedly made about the defendant by his brother-in-law. There the court said, "testimony concerning what

[the brother-in-law] did or did not tell his probation officer was collateral to the issues in the case; therefore, it was improper to impeach him on this point by offering [extrinsic evidence] . . . ." *Id.* at 456, 368 S.E.2d at 626. The court ordered a new trial.

In the case at bar, David Noell was called as a witness by the State. He essentially testified that he and several others, including the defendant, were in a motel room on the day in question. Defendant had two relatively brief telephone conversations with someone whom Noell assumes was the prosecutrix. Later, Noell and several others picked the prosecutrix up at her home and took her back to the motel. Shortly thereafter, Noell and several others left to run errands. The prosecutrix, defendant, and another man chose to stay behind.

When Noell returned, he was unable to enter the room with his key because the chain guard was on the door. However, he saw the defendant standing nude in the room. When defendant let Noell and the others into the room, the prosecutrix and the other man were in the bathroom presumably taking a shower. Another woman, a friend of the prosecutrix who had stayed with the group, took the prosecutrix' clothes to her in the bathroom. When the prosecutrix re-entered the room where the others were, she began to cry and accused defendant and the other man of raping her. The two men denied her accusations.

The State thereafter questioned Noell about certain other statements which he allegedly made which were damaging to defendant. Noell denied making any such statements. Over defendant's objections, the court permitted the State to cross-examine Noell about a prior statement which was allegedly inconsistent with his courtroom testimony. The State later called Detective Early who was permitted to testify and recount the inconsistent statement which Noell allegedly made at an earlier time.

We are bound to follow the rule in *Williams* and conclude that it was prejudicial error to allow the State to use extrinsic evidence from Detective Early to impeach David Noell. As we previously noted, when a witness is cross-examined on a collateral matter, the party who draws out unfavorable answers will not be permitted to contradict them using other testimony. *Williams,* 322 N.C. at 455, 368 S.E.2d at 326. Our Supreme Court has said that whether or not a witness has given prior inconsistent statements is a collateral matter. *See State v. Hunt,* 324 N.C. 343, 348, 378

S.E.2d 754, 757 (1989). Although the court instructed the jury that Detective Early's testimony was only to be considered as corroborative evidence, it was improper to permit this testimony for any purpose. First of all, " 'impeachment by prior inconsistent statement[s] may not be permitted where employed as a *mere subterfuge* to get before the jury evidence not otherwise admissible.' " *Id.* at 349, 378 S.E.2d at 757 (citation omitted). Secondly, since Noell had admitted giving a statement but he denied the specifics of what the State claimed he said, the proper use of his prior statement for corroborative purposes was to have Detective Early attest to the fact that a prior statement was indeed made and not to prove the facts to which those statements purportedly relate. *Id.* at 352, 378 S.E.2d at 759.

**[2]** Although we have ordered a new trial for defendant, it is still necessary for us to address two of the other issues raised here. Defendant has asserted that the trial court erred in instructing the jury that he could be found guilty of taking an indecent liberty if it found that he "willfully took an indecent liberty with a child for the purpose of arousing *or* gratifying sexual desire." He argues that this violated his right to have a unanimous verdict.

The court's charge to the jury stated:

[F]or you to find the defendant guilty of taking an indecent liberty with a child, the State must prove three things beyond a reasonable doubt.

First, that the defendant willfully took an indecent liberty with a child for the purpose of arousing or gratifying sexual desire. An indecent liberty is an immoral, improper or indecent touching by the defendant upon the child.

Second, that the child had not reached her sixteenth birthday at the time in question.

And third, that the defendant was at least five years older than the child and had reached his sixteenth birthday at that time.

Defendant relies on the case of *State v. Callahan*, 86 N.C. App. 88, 356 S.E.2d 403 (1987), *disc. review denied*, 325 N.C. 274, 384 S.E.2d 521 (1989). In *Callahan*, the court charged the jury that the defendant could be convicted if "it found that he forced the victim to perform *either* 'fellatio *or* anal intercourse.' " *Id.* at 90,

356 S.E.2d at 405 (emphasis added). There, the court found that the charge to the jury made it impossible to determine whether the defendant was unanimously convicted of having engaged in fellatio or anal intercourse, or whether some thought him guilty of engaging in one and others thought him guilty of engaging in the other. *Id.* at 91, 356 S.E.2d at 405. A new trial was therefore ordered.

The rule in *Callahan* is inapplicable to this case because there the court's charge allowed the jury to choose between two distinct acts in order to convict defendant of a sexual offense. Here, the court charged the jury on a single act, "willfully [taking] an indecent liberty with a child . . . ." The court merely allowed the jury to choose between two alternative purposes for which this single act may have been committed. Furthermore, because the court's charge is almost identical to that which is contained in the North Carolina Pattern Instructions at section 226.85, we find no error in the court's instructions. This assignment of error is overruled.

[3] The next issue which we shall consider is whether the mandatory life sentence for defendant's conviction of first degree sexual offense is cruel and unusual punishment.

Our Supreme Court examined this question in *State v. Higginbottom*, 312 N.C. 760, 324 S.E.2d 834 (1985), and determined that such a sentence was not violative of the Constitution. Without re-examining the matter, the court reaffirmed its conclusion that such a punishment is permissible. *See State v. Cooke*, 318 N.C. 674, 679, 351 S.E.2d 290, 293 (1987). Because defendant has raised no new questions for our review, we likewise decline to re-examine this question.

[4] Defendant's final issue regarding the denial of his motion to continue is meritless. Motions to continue are within the discretion of the trial court. *State v. Gardner*, 322 N.C. 591, 369 S.E.2d 593 (1988). Although defendant has argued that his constitutional right to a defense was violated by the court's refusal to continue this case in order for him to secure a witness to testify regarding a medical report, we are not compelled by that argument. Nor has defendant shown resulting prejudice based upon the court's ruling. This assignment of error is likewise overruled.

Based upon our conclusion that defendant was prejudiced by the court's admission of certain extrinsic evidence, a new trial is ordered.

New trial.

Judges PHILLIPS and EAGLES concur.