STATE OF NORTH CAROLINA v. CLAUDE E. HARTNESS

No. 258PA89

(Filed 10 May 1990)

1. **Criminal Law § 904 (NCI4th); Rape and Allied Offenses § 19 (NCI3d)— indecent liberties—disjunctive instruction— unanimity of verdict**

    The trial court's instruction that an indecent liberty is an immoral, improper or indecent touching or act by defendant upon the child *or* an inducement by defendant of an immoral or indecent touching by the child did not violate defendant's right to a unanimous verdict since the crime of indecent liberties is a single offense which may be proved by evidence of the commission of any one of a number of acts, and the requirement of unanimity is met even if some jurors find that one type of sexual conduct occurred and others find that another transpired.

    **Am Jur 2d, Trial § 884.**

2. **Criminal Law § 1186 (NCI4th) — aggravating factors — prior convictions — nexus to present crime not required**

The trial court did not err in utilizing defendant's prior unrelated convictions for the sale and delivery of drugs as aggravating factors for his current convictions for taking indecent liberties since the legislature has mandated in N.C.G.S. § 15A-1340.4(a)(1)o that prior convictions punishable by more than sixty days' confinement shall be treated as aggravating factors without regard to whether the prior crimes are related to the purposes of sentencing for the present crime.

**Am Jur 2d, Criminal Law § 599.**

ON discretionary review of an unpublished decision of the Court of Appeals, 94 N.C. App. 224, 381 S.E.2d 202 (1989), setting aside a judgment entered by *Burroughs, J.,* in the Superior Court, CHEROKEE County, on 9 May 1988 and awarding defendant a new trial. Heard in the Supreme Court 13 March 1990.

*Lacy H. Thornburg, Attorney General, by Marilyn R. Mudge, Assistant Attorney General, for the State-appellant.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Mark D. Montgomery, Assistant Appellate Defender, for defendant-appellee.*

MEYER, Justice.

Defendant was indicted for one count of first-degree rape, two counts of first-degree sexual offense, two counts of felony child abuse, three counts of taking indecent liberties with a minor, and one count of incest. He was tried before a jury at the 9 May 1988 Session of Superior Court, Cherokee County, the Honorable Robert M. Burroughs presiding. Defendant was found guilty of two counts of felony child abuse and three counts of taking indecent liberties with a minor. He was sentenced to three consecutive five-year sentences for the indecent liberties convictions and consecutive sentences of two years for the two child abuse convictions. Defendant appealed to the Court of Appeals, which awarded defendant a new trial on the grounds that the trial court had committed reversible error in its instruction on indecent liberties. *State v. Hartness,* 94 N.C. App. 224, 381 S.E.2d 202. On 28 June 1989, this Court allowed the State's motion for temporary stay and petition for writ of supersedeas and, on 7 September 1989, allowed the State's petition for discretionary review.

For purposes of this appeal, we need only discuss the evidence relevant to the issue of whether the trial court's jury charge on indecent liberties was error. We accordingly limit our discussion to those facts which are relevant to this issue.

The State's evidence tended to show that defendant engaged in various forms of sexual relations with his daughter, who was seven years old at the time of trial, and his stepson, who was nine years old at the time of trial. The boy testified at trial that defendant touched the boy's "hotdog" with both his hands and his mouth. The boy identified his "hotdog" as his penis and additionally testified that defendant induced him to touch defendant's penis with his hands and mouth.

[1] The trial judge relied upon the pattern jury instructions in his charge to the jury on indecent liberties. He instructed the jury as to the first element of the offense as follows:

> Now, I charge that for you to find the defendant guilty of taking an indecent liberty with a child the State must prove three things beyond a reasonable doubt.

> 1. That the defendant wilfully took an indecent liberty with a child for the purpose of arousing or gratifying sexual desire.

> An indecent liberty is an immoral, improper or indecent touching or act by the defendant upon the child, or an inducement by the defendant of an immoral or indecent touching by the child.

On appeal to the Court of Appeals, defendant contended that the trial court committed plain error in using the above instruction because it improperly permitted his conviction by less than a unanimous verdict. The relevant constitutional provision is N.C. Const. art. I, § 24, which provides that "[n]o person shall be convicted of any crime but by the unanimous verdict of a jury in open court." See also N.C.G.S. § 15A-1237(b) (1983). Defendant contends that the trial court's disjunctive phrasing as to the acts allegedly constituting indecent liberties in this case — defendant's touching of his stepson or the stepson's touching of defendant — rendered the verdict potentially nonunanimous. Defendant surmises that the jury could have split in its decision regarding which act constituted the offense, making it impossible for the court to determine whether the jury was unanimous in its verdict.

The Court of Appeals agreed with defendant and awarded him a new trial. In doing so, the court relied upon its recent decision in *State v. Britt*, 93 N.C. App. 126, 377 S.E.2d 79 (1989), in which an identical instruction was found to be reversible error.

In *Britt*, the defendant had been convicted of both first-degree sexual offense and indecent liberties and had challenged the trial court's instructions as to both offenses on grounds of lack of unanimity. The Court of Appeals concluded that the instruction on indecent liberties was susceptible to a unanimity challenge because it "point[ed] out three distinct types of acts which would constitute taking indecent liberties," *id.* at 133, 377 S.E.2d at 83, and reversed the trial court decision since it could not "determine which act or acts the jury found that defendant committed," *id.*

In arriving at its decision, the Court of Appeals applied reasoning set forth by this Court in a drug trafficking case, *State v. Diaz*, 317 N.C. 545, 346 S.E.2d 488 (1986). Because we do not believe that the *Diaz* analysis should be extended to cover the pattern instructions typically given in cases involving indecent liberties, we reverse the Court of Appeals on this issue.

This Court in *Diaz* reversed a conviction for trafficking in marijuana on the grounds that it was obtained upon a fatally ambiguous disjunctive instruction. The jury had been instructed to return a guilty verdict if it found that defendant "knowingly possessed or knowingly transported marijuana." *Id.* at 553, 346 S.E.2d at 494. This Court noted that transportation and possession of marijuana "are separate trafficking offenses for which a defendant may be separately convicted and punished" and that by instructing the jury as he did, the trial judge "submitted two possible crimes to the jury." *Id.* at 554, 346 S.E.2d at 494. This Court found the instruction to be fatally ambiguous because it was impossible to determine whether all of the jurors found possession, all found transportation, or some found one and some the other.

The reasoning in *Diaz* is misapplied in the present context. The risk of a nonunanimous verdict does not arise in cases such as the one at bar because the statute proscribing indecent liberties does not list, as elements of the offense, discrete criminal activities in the disjunctive in the same manner as does the trafficking statute. The trafficking statute at issue in *Diaz*, N.C.G.S. § 90-95(h)(1) (1985), enumerates the following proscribed activities: sale, manufacturing, delivery, transportation, and possession. Each is a discrete criminal

offense. By contrast, N.C.G.S. § 14-202.1 proscribes simply "any immoral, improper, or indecent liberties." Even if we assume that some jurors found that one type of sexual conduct occurred and others found that another transpired, the fact remains that the jury as a whole would unanimously find that there occurred sexual conduct within the ambit of "any immoral, improper, or indecent liberties." Such a finding would be sufficient to establish the first element of the crime charged. ·

In our analysis of the indecent liberties statute, we find its structure and intent to be more similar to the statute relating to first-degree sexual offense, N.C.G.S. § 14-27.4 (1986), than to the trafficking statute discussed in *Diaz*. The sexual offense statute provides that a person is guilty of the first element of the offense if he engages in a "sexual act" with certain enumerated categories of individuals. N.C.G.S. § 14-27.4(a) (1986). We find our earlier analysis in *State v. Foust*, 311 N.C. 351, 317 S.E.2d 385 (1984), to be particularly instructive in our interpretation of both the sexual offense and the indecent liberties statutes.

In *Foust*, the indictment charged defendant with unlawfully engaging in a sexual act with the victim, but the indictment did not specify what act was performed. The State's evidence tended to show that defendant engaged in both fellatio and anal intercourse with the victim. The trial court instructed the jury that the State was required to prove four elements beyond a reasonable doubt, the first being that a sexual act occurred. A sexual act was explained as meaning "oral sex or anal sex." *Id.* at 359, 317 S.E.2d at 390. This Court found that the trial court clearly informed the jurors that they must agree on all the elements before a verdict of guilty could be reached, and further found that the jury was given instructions on the requirement of unanimity. This Court was therefore satisfied that these instructions, when read as a whole, required a verdict of not guilty if all twelve jurors were not satisfied beyond a reasonable doubt that the defendant engaged in an unlawful sexual act, and noted that nothing in the record indicated any confusion, misunderstanding, or disagreement among the members of the jury which would indicate a lack of unanimity.

The statutes proscribing indecent liberties and first-degree sexual offense are readily distinguishable from a statute such as the trafficking provision at issue in *Diaz*. Unfortunately, in *Diaz*, this Court overruled *Foust* without applying an appropriate analysis

STATE v. HARTNESS

[326 N.C. 561 (1990)]

of the distinctions between the two types of statutes. We now conclude that we erred in *Diaz* when we overruled *Foust*.

In arriving at our decision, we utilize, in addition to *Foust*, the cases of *Jones v. All American Life Ins. Co.*, 312 N.C. 725, 325 S.E.2d 237 (1985), and *State v. Creason*, 313 N.C. 122, 326 S.E.2d 24 (1985), to illustrate our rationale.

In *Jones*, a civil action brought by a beneficiary of a life insurance policy to recover the proceeds, the plaintiff contended that submission of a disjunctive issue of whether plaintiff killed or procured the killing of the insured was ambiguous and therefore prevented the jury from reaching a unanimous verdict. The instruction read, "Did . . . plaintiff[] willfully and unlawfully kill [the insured] or procure his killing?" 312 N.C. at 737, 325 S.E.2d at 243. This Court held that it was apparent that all twelve jurors needed to find the existence of plaintiff's participation in the death by one or the other alternative means, either of which would bar the plaintiff from recovery. Because plaintiff's participation in the killing by either of the two alternatives barred her from recovering the proceeds of the insurance policy, it was only necessary that the jury agree unanimously that she so participated.

In *Creason*, a criminal drug possession case, the defendant's indictment and verdict sheet also were styled in the disjunctive, alleging that he possessed LSD with the intent to sell or deliver it. The defendant contended that the indictment and verdict charged two separate crimes: (1) possession with intent to sell, and (2) possession with intent to deliver. This Court rejected the defendant's reasoning and held that the evil sought to be prevented by the legislature in enacting the relevant statute, N.C.G.S. § 90-95(a)(1) (1985), was possession of narcotics with the intent to transfer them. This Court held that the indictment charged only one offense and that possession with intent to place the drugs in commerce by transferring them was the gravamen of that offense. So long as the jury could find that the possession was with the intent to sell or deliver the LSD, the crime was proved and the requirement of unanimity satisfied. 313 N.C. at 129, 326 S.E.2d at 28.

The case *sub judice*, like *Jones* and *Creason*, involves a situation in which a single wrong is established by a finding of various alternative elements. *See also State v. Belton*, 318 N.C. 141, 347 S.E.2d 755 (1986) (court's instruction was proper where judge stated that defendants could be found guilty of rape and sex offense if

they employed a deadly weapon or were aided and abetted). In this case, the relevant statute provides, in part, that a person is guilty of taking indecent liberties with children if he

> [w]illfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of sixteen years for the purpose of arousing or gratifying sexual desire.

N.C.G.S. § 14-202.1 (1981).

As the statute indicates, the crime of indecent liberties is a single offense which may be proved by evidence of the commission of any one of a number of acts. The evil the legislature sought to prevent in this context was the defendant's performance of any immoral, improper, or indecent act in the presence of a child "for the purpose of arousing or gratifying sexual desire." Defendant's purpose for committing such act is the gravamen of this offense; the particular act performed is immaterial. It is important to note that the statute does not contain any language requiring a showing of intent to commit an unnatural sexual act. Nor is there any requirement that the State prove that a touching occurred. Rather, the State need only prove the taking of any of the described liberties for the purpose of arousing or gratifying sexual desire. *State v. Etheridge*, 319 N.C. 34, 352 S.E.2d 673 (1987). The trial judge's instruction regarding what constitutes an indecent liberty in this case was not derived from the statute, but was rather a clarification of the evidence presented for the jury's benefit. The boy described the acts, any one of which could have constituted indecent liberties, as parts of a single and continuous transaction. The psychologist corroborated the boy's testimony. The jury found defendant guilty of committing indecent liberties upon his stepson after the trial judge correctly instructed it that it could find the immoral, improper, or indecent liberty upon a finding that defendant either improperly touched the boy or induced the boy to touch him. In view of the evidence presented in this case, we find no error in the pattern jury instruction in question.

To the extent *State v. Britt*, 93 N.C. App. at 133, 377 S.E.2d at 83, misapplied *Diaz*, particularly in its failure to review the whole record to determine whether there was, in fact, a fatal ambiguity in the instructions, we overrule it.

[2]  Because this holding has the effect of reinstating one of defendant's indecent liberties convictions, we now review defendant's cross-assignment of error to determine if it has any merit. Defendant assigns error to the trial court's aggravation of two of his present convictions by prior unrelated convictions. For defendant's conviction of two counts of indecent liberties, the trial court found as a single aggravating factor in each count that he had committed the prior crimes of sale and delivery of drugs, both of which are punishable by imprisonment for more than sixty days. Defendant contends that the trial court erred in utilizing these convictions as aggravating factors because in neither instance is the prior crime related to the purposes of sentencing in this case:

> In imposing a prison term, the judge . . . may consider any aggravating and mitigating factors that he finds are proved by the preponderance of the evidence, and that are reasonably related to the purposes of sentencing, whether or not such aggravating or mitigating factors are set forth herein . . . .

N.C.G.S. § 15A-1340.4(a) (1983).

The primary purposes of sentencing are set out in the preceding statute as follows:

> The primary purposes of sentencing a person convicted of a crime are to impose a punishment commensurate with the injury the offense has caused, taking into account factors that may diminish or increase the offender's culpability; to protect the public by restraining offenders; to assist the offender toward rehabilitation and restoration to the community as a lawful citizen; and to provide a general deterrent to criminal behavior.

N.C.G.S. § 15A-1340.3 (1983).

Defendant contends that implicit within the statute is the requirement that there be some nexus between the aggravating factor and the purposes of *sentencing for the present crime* because, he argues, no factor is *per se* aggravating or mitigating. In the present case, there was no showing that the drug possession charges were related in any way to the offenses for which defendant was being sentenced.

The State counters, and we agree, that N.C.G.S. § 15A-1340.4(a)(1)(o) does not establish any distinctions between the

types of crimes which will serve to support the finding of a factor in aggravation, provided they are punishable by more than sixty days' confinement. *State v. Canty*, 321 N.C. 520, 364 S.E.2d 410 (1988). In *State v. Parker*, 319 N.C. 444, 355 S.E.2d 489 (1987), this Court rejected defendant's argument that it was unreasonable to enhance the sentence on his murder plea because of minor prior offenses, noting that the General Assembly had mandated that prior convictions punishable by more than sixty days' confinement, without regard to their weight, shall be treated as aggravating factors. This Court cannot substitute its judgment for that of the legislature regarding the significance to be accorded prior convictions. We conclude that the trial court did not err in utilizing defendant's prior drug offenses as aggravating factors for his current convictions for indecent liberties.

In summary, we reverse the decision of the Court of Appeals granting defendant a new trial because we find, for the reasons stated above, that the instruction given on indecent liberties was not fatally ambiguous and therefore did not deprive defendant of his constitutional right to a unanimous verdict. We hold that defendant received a fair trial free of prejudicial error. Accordingly, this case is remanded to the Court of Appeals for further remand to the Superior Court, Cherokee County, for reinstatement of the sentence imposed by the trial judge.

Reversed.