STATE OF NORTH CAROLINA v. THOMAS EDWARD DALTON

No. 8827SC1414

(Filed 17 October 1989)

**1. Criminal Law § 75.10 (NCI3d) — defendant's comprehension of Miranda rights — cross-examination proper**

The State's cross-examination of defendant regarding his comprehension of his Miranda rights did not violate his constitutional right to remain silent since the cross-examination was not directed to defendant's exercise of such rights but to his waiver of those rights in voluntarily making his statement to the investigating officer.

**Am Jur 2d, Witnesses §§ 468, 471-476, 492, 495, 497.**

**2. Criminal Law § 86.3 (NCI3d) — credibility of defendant — evidence of prior convictions admissible**

There was no merit to defendant's contention that the State's use of his prior convictions was improper in that the State did not establish that the convictions were punishable by more than sixty days' confinement, since defendant first brought his prior convictions to the jury's attention in his own testimony; without objection on cross-examination defendant admitted his prior convictions; and when defendant denied that he had pled guilty to the charges against him in another state, the State, as a basis for attacking his credibility, was entitled to show on rebuttal that defendant had in fact pled guilty to those charges.

**Am Jur 2d, Witnesses §§ 492, 525, 569 et seq.**

**3. Criminal Law § 86.3 (NCI3d) — denial of prior conviction — record of prior conviction admissible in contradiction**

A witness's denial of a prior conviction on cross-examination may be contradicted by introduction of the record of the prior conviction. N.C.G.S. § 8C-1, Rule 609(a).

**Am Jur 2d, Evidence §§ 320-333.**

4. **Criminal Law § 87.1 (NCI3d) — taking indecent liberties with child — fifteen-year-old prosecuting witness — leading questions proper**

In a prosecution for taking indecent liberties with a child the trial court did not err in allowing the State to ask leading questions of the fifteen-year-old prosecuting witness on direct examination.

**Am Jur 2d, Witnesses §§ 429-431.**

5. **Criminal Law § 1079 (NCI4th) — two mitigating factors — one aggravating factor — severity of sentence**

In a prosecution for taking indecent liberties with a child, the trial court did not err in finding in mitigation defendant's honorable discharge from military service and his character at work, finding in aggravation defendant's prior convictions, and imposing a sentence of seven years' imprisonment rather than the presumptive sentence of three years' imprisonment.

**Am Jur 2d, Criminal Law §§ 598, 599.**

APPEAL by defendant from *Sitton, Claude S., Judge.* Judgment entered 18 August 1988 in CLEVELAND County Superior Court. Heard in the Court of Appeals 29 August 1989.

Defendant was charged by indictment with the offenses of second-degree rape, second-degree sexual offense, and taking indecent liberties with a child. The evidence at trial tended to establish that defendant had recently moved to North Carolina from Nebraska to take employment with the Cleveland County Mental Health Department. Defendant's mother and teenage daughter resided with him. On 12 December 1987, the victim, a fourteen-year-old girl, was at defendant's home to spend the night with defendant's daughter. They spent the evening watching television while defendant was away at a local bar. Sometime after midnight defendant returned. The girls were still awake. Defendant prepared two rounds of rum and coke for each of them. Thereafter, they all laid upon the floor to watch more television. Defendant's daughter soon fell asleep, and defendant then made sexual advances upon the victim.

The jury acquitted defendant on the charges of second-degree rape and second-degree sexual offense, but convicted him on the charge of taking indecent liberties with a child. Following the sen-

tencing hearing, the court imposed a term of seven years' imprisonment. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General LaVee Hamer Jackson, for the State.*

*Bridges, Morgan, and Gilbert, P.A., by Forrest Donald Bridges, for defendant-appellant.*

WELLS, Judge.

Defendant has brought forward four assignments of error challenging the mode and subject matter of examination at trial, one assignment of error challenging the jury instructions, and one assignment of error challenging the sentence imposed. We find no error.

[1] Defendant first assigns as error the trial court's permitting the State to cross-examine him regarding his comprehension of his Miranda rights. Defendant argues that the State's purpose in pursuing this line of questioning was to point out to the jury that, as a former police officer, defendant's exercise of his right to remain silent was evidence of guilt. Defendant contends that his rights under the Fourteenth Amendment to the United States Constitution were thereby violated. We disagree.

A criminal defendant has a right to remain silent. *Miranda v. Arizona*, 384 U.S. 436 (1966). The due process clause of the Fourteenth Amendment to the United States Constitution bars the use, for impeachment purposes, of a defendant's post-arrest silence. *Doyle v. Ohio*, 426 U.S. 610 (1976); *State v. Hoyle*, 325 N.C. 232, 382 S.E.2d 752 (1989). The United States Supreme Court has, however, limited the application of *Doyle* to those cases in which "the trial court has permitted *specific inquiry or argument respecting the defendant's post-Miranda silence.*" *Greer v. Miller*, 483 U.S. 756, 107 S.Ct. 3102 (1987) (emphasis added). In this case, the record discloses that defendant, *on direct examination*, testified that he voluntarily gave a statement to the investigating officer regarding the charges against him, after receiving the required Miranda warnings. Defendant further testified on direct examination that he ended his statement because the officer "believed [the victim], and I felt at that time that anymore that I said to him would not be in my benefit." The record also shows that the State made no specific inquiry respecting defendant's post-Miran-

da silence. Rather, the State's cross-examination regarding defendant's understanding of his Miranda rights was clearly directed, not to defendant's exercise of such rights, but to defendant's *waiver* of those rights in voluntarily making his statement to the investigating officer. As the United States Supreme Court has stated:

> *Doyle* does not apply to cross-examination that merely inquires
> . into [prior statements]. Such questioning makes no unfair use
> of silence, because a defendant who voluntarily speaks after
> receiving Miranda warnings has not been induced to remain
> silent. As to the subject matter of his statements, the defend-
> ant has not remained silent at all.

*Anderson v. Charles*, 447 U.S. 404 (1980) (Per Curiam). We thus conclude that the State's cross-examination of defendant comported with the applicable constitutional requirements. This assignment of error is overruled.

Defendant next assigns as error the State's cross-examination of him regarding his prior convictions and the State's introduction on rebuttal consisting of public records of these prior convictions. Impeachment by evidence of prior convictions is governed by Rule 609 of the North Carolina Rules of Evidence. That Rule provides:

> (a) *General rule.* For the purpose of attacking the credibility
> of a witness, evidence that he has been convicted of a crime
> punishable by more than 60 days confinement shall be admitted
> if elicited from him or established by public record during
> cross-examination or thereafter.

N.C. Gen. Stat. § 8C-1, Rule 609(a) (1988). To be admissible, the conviction must have occurred within the previous ten years. *Id.*, Rule 609(b).

To put this issue in appropriate context, we first note that in his direct examination, defendant testified that he had been previously convicted in Peoria Heights, Illinois of conduct unbecoming a police officer and "other charges arising out of that." On cross-examination, defendant was asked the following questions without objection and gave the indicated answers:

> Q. Isn't it true that within the past ten years, you pled
> guilty or was [sic] convicted of nine different felonies up in
> Peoria Heights, Illinois?

**STATE v. DALTON**

[96 N.C. App. 65 (1989)]

A. I pled *nolo contendre* [sic] to whatever charges the department wished to put against me at that time. I didn't debate any point.

. . .

Q. As a result of pleading *nolo contendre* [sic], you received a sentence, didn't you?

A. Yes, sir, I did.

When the district attorney began to further pursue defendant's *nolo contendere* plea, he was interrupted by the court and after a bench conference, the district attorney agreed not to pursue that line of questioning. The trial court then instructed the jury not to consider "any matter or any statement made about [a] *nolo contendere* plea" and took the further precaution of asking the jury whether they could follow his instructions and "disregard any comment based on that." By a show of hands, the jury indicated a positive response.

On further cross-examination, defendant specifically denied that he had *pled guilty* to the Illinois charges. In its rebuttal, the State was allowed, over defendant's objection, to introduce public records from the Circuit Court of the Tenth Judicial Circuit of Illinois in case number 80CF2236 which showed that defendant had entered a guilty plea to seven counts of official misconduct and two counts of theft on 14 July 1980, and that on 2 September 1980 he was sentenced to probation for a period of thirty months.

[2] Defendant first argues in support of this assignment of error that the State's use of defendant's prior convictions was improper in that the State did not establish that the convictions were punishable by more than sixty days' confinement as required by Rule 609(a). It is true that the records of defendant's prior convictions do not specifically disclose that the offenses were punishable by confinement of greater than sixty days. We nevertheless reject this argument. First, we again note that defendant first brought his prior convictions to the jury's attention in his own testimony. Second, we note that, without objection on cross-examination, defendant admitted his prior convictions. Third, we are persuaded that when defendant denied that he had pled guilty to the charges against him in Illinois, the State, as a basis for attacking his credibility, was entitled to show on rebuttal that defendant had in fact pled guilty to those charges.

**[3]** Defendant further argues in support of this assignment of error that the State was bound by his answer on cross-examination denying his guilty pleas in the 1980 action and therefore could not properly introduce the public records of his prior convictions in rebuttal. We disagree. Prior to the adoption of the North Carolina Rules of Evidence, a witness' denial of a prior conviction on cross-examination could not be contradicted by the introduction of extrinsic evidence. *Brandis on North Carolina Evidence* § 112 (1982). The official commentary to the rules makes it clear that Rule 609(a) was intended to change the former practice and allow the record of the prior conviction to be introduced, regardless of the witness's denial. Therefore, defendant's objection on this ground to the admission of this evidence during the State's rebuttal was properly overruled by the court.

**[4]** By his third assignment of error, defendant challenges the court's permitting the State to ask leading questions of the prosecuting witness on direct examination. Under Rule 611 of the North Carolina Rules of Evidence, leading questions are not normally permissible on direct examination, "except as may be necessary to develop [the witness'] testimony." N.C. Gen. Stat. § 8C-1, Rule 611(c) (1988). The Rules of Evidence, however, also provide that:

> The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

*Id.*, Rule 611(a). It is within the discretionary power of the trial court to allow leading questions on direct examination, and rulings on the use of such questions are reversible only for an abuse of discretion. *State v. Riddick*, 315 N.C. 749, 340 S.E.2d 55 (1986). The record discloses that at the time of the crime the prosecuting witness was only fourteen years old. She was fifteen years old at the time of trial. Her testimony, in open court, pertained to sexual matters of a delicate, sensitive, and embarrassing nature. It is well established that leading questions on direct examination are permissible under such circumstances to develop the witness's testimony. *State v. Oliver*, 85 N.C. App. 1, 354 S.E.2d 527, *cert. denied*, 320 N.C. 174, 358 S.E.2d 64 (1987). We therefore find no abuse of discretion and overrule this assignment of error.

STATE v. DALTON

[96 N.C. App. 65 (1989)]

Defendant's fourth and fifth assignments of error are considered in tandem. Defendant asserts that the trial court erred both in allowing the State to question defendant and his mother regarding a female friend of defendant and by emphasizing in the jury instructions the use of alcohol by the prosecuting witness. The record establishes that as to the former contention, all of defendant's objections to the State's line of questioning were sustained; as to the latter contention, the instructions complained of pertained to the charge of second-degree sexual offense, of which defendant was acquitted. Because defendant has not demonstrated error, neither of these assignments constitutes a proper ground for appeal, and they are both overruled. N.C. Gen. Stat. § 15A-1442 (1988).

[5] Finally, defendant assigns as error the trial court's weighing of aggravating and mitigating factors under the Fair Sentencing Act in determining the sentence imposed. Defendant was convicted of taking indecent liberties with a child, a Class H felony. N.C. Gen. Stat. § 14-202.1 (1986). The presumptive sentence for this offense is three years' imprisonment. *Id.* § 15A-1340.4 (1988). The maximum sentence allowable is ten years' imprisonment. *Id.* § 14-1.1 (1986). Following the sentencing hearing, the trial court found two factors in mitigation, namely, defendant's honorable discharge from military service and his good character at work. Against these, the court weighed one factor in aggravation—defendant's prior convictions—and imposed a sentence of seven years' imprisonment.

Defendant first argues that the sentence is improper because there was no evidence introduced that the prior convictions carried a punishment of more than sixty days' confinement as required by N.C. Gen. Stat. § 15A-1340.4(a)(1). As we noted earlier in this opinion, defendant admitted during the trial that he had been convicted of nine different felonies in Illinois. We take judicial notice that under Illinois law no felony is punishable by a sentence of less than a term of one year. *38 Illinois Corrections Code*, Para. 1005-8-1. We therefore reject this argument.

Defendant argues alternatively in support of this assignment of error that the court increased his sentence, not as a result of the prior convictions as a statutory aggravating factor, but rather as a result of the court's unfavorable impression of defendant's inconsistent testimony regarding his pleas in the former action. This argument is wholly without merit. The record of the sentencing hearing is devoid of even a hint that the court based its

decision to increase defendant's sentence on anything other than the prior convictions which it found as an aggravating factor under N.C. Gen. Stat. § 15A-1340.4. Defendant has demonstrated no abuse of discretion; therefore, we will not disturb the balance struck by the trial court. *State v. Daniels*, 319 N.C. 452, 355 S.E.2d 136 (1987).

For the reasons stated, we find

No error.

Judges PHILLIPS and PARKER concur.