STATE OF NORTH CAROLINA v. BILLY WILLIAM McCARTY

No. 266PA89

(Filed 13 June 1990)

**1. Criminal Law § 904 (NCI4th); Rape and Allied Offenses §§ 6, 19 (NCI3d) — disjunctive instructions — unanimity of verdict**

Defendant's right to a unanimous verdict was not violated by the trial court's instruction that the jury could convict defendant of first degree sexual offense if it found that defendant engaged in either fellatio or vaginal penetration or by the instruction that an indecent liberty is an immoral or indecent touching by the defendant or an inducement by the defendant of an immoral or indecent touching by the child.

**Am Jur 2d, Rape § 108.**

**2. Criminal Law § 34.8 (NCI3d); Rape and Allied Offenses § 4.1 (NCI3d) — sexual offenses against daughter — molestation of stepdaughter — admissibility to show common scheme**

In a prosecution of defendant for various sexual offenses against his twelve-year-old daughter, testimony by defendant's stepdaughter that defendant had molested her from the time she was nine years old until she was eighteen years old was admissible to show a common scheme or plan by defendant to molest his stepdaughter and daughter.

**Am Jur 2d, Rape §§ 70-75.**

**3. Rape and Allied Offenses § 4.1 (NCI3d) — prior sexual misconduct — unnatural lust by defendant — limiting instruction — no plain error**

In a prosecution of defendant for rape, sexual offense, incest and indecent liberties involving his twelve-year-old daughter, the trial court's limiting instruction that the jury should consider testimony by the victim's sister concerning defendant's prior sexual misconduct toward her to determine whether there was unnatural lust in the mind of defendant did not constitute plain error since it did not render the trial fundamentally unfair and did not have a probable impact on the jury's verdict finding the defendant guilty.

**Am Jur 2d, Rape §§ 70-75.**

**4. Rape and Allied Offenses § 4.1 (NCI3d)— prior sexual misconduct—admission not violation of due process**

The admission of testimony by the victim's sister as to defendant's prior sexual misconduct upon her did not violate defendant's right to due process since there was no showing that defendant did not have adequate notice to meet this evidence, the instruction did not render the trial fundamentally unfair, and the testimony was strong evidence and had a rational connection with the crimes for which defendant was charged.

**Am Jur 2d, Rape §§ 70-75.**

ON discretionary review of an unpublished decision of the Court of Appeals, 94 N.C. App. 390, 381 S.E.2d 204 (1989), finding no error in part and granting a new trial in part in a trial before *Strickland, J.*, at the 11 March 1988 Session of Superior Court, DUPLIN County. Heard in the Supreme Court 12 March 1990.

The defendant was tried with his wife for (1) first degree rape, (2) first degree sexual offense, (3) incest, and (4) taking indecent liberties with a child. The defendant's twelve-year-old daughter testified that the defendant forced her to have sexual intercourse with him. She also testified that he French kissed her, that he performed a digital penetration on her and forced her to perform fellatio on him. The State introduced testimony in corroboration of the defendant's daughter's testimony. The defendant testified and denied that he had ever molested his daughter.

The defendant's wife was found not guilty. The jury found the defendant guilty of second degree rape and guilty of the other crimes as charged. He was sentenced to life in prison for first degree sexual offense and forty years in prison for second degree rape to commence at the expiration of the life sentence. The incest and indecent liberties cases were combined for sentencing and the defendant was sentenced to seven years on these charges to commence at the expiration of the sentence of forty years.

The Court of Appeals ordered a new trial on the first degree sexual offense charge and the indecent liberties charge. As to the first degree sexual offense the superior court instructed the jury that if it found defendant engaged in either fellatio or vaginal penetration it could convict him of first degree sexual offense.

STATE v. McCARTY

[326 N.C. 782 (1990)]

The Court of Appeals held that this violated the defendant's right to a conviction by a unanimous jury.

As to the charge of taking indecent liberties with a child the court charged the jury that an indecent liberty was an immoral or indecent touching by the defendant or an inducement by the defendant of an immoral or indecent touching by the child. The Court of Appeals held that this instruction made it impossible to determine which act the jury found the defendant committed and ordered a new trial on this charge. The Court of Appeals found no error as to the other charges.

We granted the State's petition for discretionary review. We also granted a petition for discretionary review by the defendant in regard to a part of the charge he contends was in error.

*Lacy H. Thornburg, Attorney General, by Debra C. Graves, Associate Attorney General, for the State appellant.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Mark D. Montgomery, Assistant Appellate Defender, for defendant appellant and appellee.*

WEBB, Justice.

[1] We hold that pursuant to *State v. Hartness*, 326 N.C. 561, 391 S.E.2d 177 (1990), we are bound to reverse the Court of Appeals. *Hartness* involved a conviction of taking indecent liberties with a child. A charge was given similar to the charge in this case. We held there was no error in the charge. For the reasons given in *Hartness* we hold there was not error in the charge on first degree sexual offense or taking indecent liberties with a child.

[2] The defendant has assigned error to an evidentiary ruling by the superior court. The victim's twenty-two-year-old half sister testified that the defendant had molested her from the time she was nine years old until she was eighteen years old, at which time she joined the Marine Corps. When this testimony was adduced the court instructed the jury as follows:

> Ladies and gentlemen, this witness is tendered by the State to give testimony of commission of like crimes and this testimony is being admitted solely for the purpose of showing with respect to both of said defendants that there exists in the minds of the defendants a common plan or scheme or intent as well

**STATE v. McCARTY**

[326 N.C. 782 (1990)]

as the unnatural lust of the defendants on the alleged commission of the crimes charged in these cases.

The defendant did not object to this instruction.

The defendant now argues that it was error to admit this testimony and that the limiting instruction, given when this testimony was introduced, was in error. The defendant argues that the purpose for admitting this testimony was to prove his character in order to show he acted in conformity therewith in violation of N.C.G.S. § 8C-1, Rule 404(b) (1988). This Court has been liberal in allowing evidence of similar sex offenses in trials on sexual crime charges. *State v. Cotton*, 318 N.C. 663, 351 S.E.2d 277 (1987). In *State v. Bagley*, 321 N.C. 201, 362 S.E.2d 244 (1987), *cert. denied*, 485 U.S. 1036, 99 L.Ed.2d 912 (1988); *State v. Gordon*, 316 N.C. 497, 342 S.E.2d 509 (1986); and *State v. DeLeonardo*, 315 N.C. 762, 340 S.E.2d 350 (1986), evidence of other similar sex offenses was admitted to show a common scheme or plan to molest children. Based on the reasoning of these three cases we hold the testimony of the victim's sister was admissible to show a scheme or plan to molest defendant's stepdaughter and daughter.

[3] The defendant also argues that the court committed error in the limiting instruction given at the time this testimony was admitted. He says specifically that it was error for the court to charge that the testimony was admitted to show "that there exists in the minds of the defendants . . . the unnatural lust of the defendants in the alleged commission of the crimes charged." The defendant argues that although the testimony may have been properly admitted, error occurred when the jury was told to consider it to determine whether there was unnatural lust in the mind of the defendant. The defendant says this instructed the jury to consider his character and determine whether he had acted in conformity therewith. The defendant did not object to this instruction and we must examine this assignment of error under the plain error rule. North Carolina Rules of Appellate Procedure, Rule 10(c)(4).

The plain error rule has been adopted in this State. *See State v. Oliver*, 309 N.C. 326, 307 S.E.2d 304 (1983); *State v. Black*, 308 N.C. 736, 303 S.E.2d 804 (1983), and *State v. Odom*, 307 N.C. 655, 300 S.E.2d 375 (1983). These cases establish the following:

> [T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the

entire record, it can be said the claimed error is a *"fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," or "where [the error] is grave error which amounts to a denial of a fundamental right of the accused," or the error has " 'resulted in a miscarriage of justice or in the denial to appellant of a fair trial' " or where the error is such as to "seriously affect the fairness, integrity or public reputation of judicial proceedings" or where it can be fairly said "the instructional mistake had a probable impact on the jury's finding that the defendant was guilty."

*United States v. McCaskill,* 676 F.2d 995, 1002 (4th Cir. 1982), *quoted in State v. Odom,* 307 N.C. at 660, 300 S.E.2d at 378. We hold the challenged instruction was not so fundamentally erroneous or so lacking in its elements that justice could not have been done. Nor was it so grave as to amount to a denial of a fundamental right of the accused. We hold it did not result in a miscarriage of justice or seriously affect the fairness or public reputation of judicial proceedings. We also hold that the instruction did not have a probable impact on the jury's finding that the defendant was guilty. There was testimony by the victim which was corroborated by other evidence for the State. The defendant denied the accusations. We have held that the evidence of the defendant's prior sexual misconduct was properly admitted. The jury's task was to judge the credibility of the witnesses. We cannot say its verdict would have been different if this charge had not been given. We do not believe this challenged instruction probably impacted the jury's deliberations.

[4] The defendant argues that this instruction by the court violates the due process clause of the fourteenth amendment to the United States Constitution and the law of the land clause of the Constitution of North Carolina. He cites *Spencer v. Texas,* 385 U.S. 554, 17 L.Ed.2d 606 (1967) to support this proposition. *Spencer* held that the recidivist statute in Texas was not unconstitutional because it allowed evidence of a previous conviction to be introduced in a trial for the primary charge. That case does not help the defendant. The defendant argues that evidence of prior misconduct may violate due process where (1) defendant does not have adequate notice to meet this evidence or (2) where the introduction of the evidence renders his trial fundamentally unfair. There has been no showing in this case that the defendant did not have adequate

notice to meet this evidence and we have held the instruction of the court did not render his trial fundamentally unfair. He also says there must be strong evidence of prior misconduct and there must be a rational connection between the prior act and the crime for which the defendant is being tried. The testimony of the victim's sister as to prior misconduct upon her was strong evidence and we have held it has a rational connection with the crime for which the defendant was tried. We hold that the testimony of the victim's sister and the instruction in regard to it is not prejudicial error.

For the reasons stated in this opinion we reverse the Court of Appeals in its holdings on the first degree sexual offense and the offense of taking indecent liberties with a child. We affirm the Court of Appeals on all other issues.

Reversed and remanded in part. Affirmed in part.