HUDSON, Judge.
The grand jury in Alleghany County returned indictments charging defendant with three counts of taking indecent liberties with a child and one count of first-degree sexual offense. At the 24 March 2003 criminal Session of the Superior Court in Alleghany County, a jury found defendant guilty of one count of first-degree sexual offense (02 CRS 184) and one count of taking indecent liberties with a child (02 CRS 184). Defendant subsequently entered a plea of no contest to two additional counts of taking indecent liberties with a child (02 CRS 186 and 50023). The latter charges were consolidated for judgment into file 02 CRS 183, in which the court sentenced defendant to prison for a minimum ofeighteen and a maximum of twenty-two months. In 02 CRS 184, the court imposed a concurrent sentence of 264 to 326 months. Defendant appeals. For the reasons discussed below, we find no error.
The evidence tended to show that defendant, a retired elementary school principal, had worked as a volunteer with troubled children for fourteen years. Defendant began working with twelve-year-old J.A. and his twin brother in December 2001, after the boys began having trouble at school. The boys' mother, Linda A., testified that the boys liked defendant and that she approved of their relationship with him. On some occasions defendant took J.A. to his cabin for daytime visits. In January 2002, defendant took J.A. and his brother on an overnight visit to the cabin. When they returned from the trip, defendant told Linda that J.A. had gotten into his bed during the night because he was scared.
In early 2002, authorities received a complaint that defendant had sexually abused another boy, D.C., in Wilkes County. This complaint led to the questioning of several other boys with whom defendant had worked, including J.A. On 4 February 2002, Linda believed defendant was innocent, and J.A. and his brother both denied defendant had molested them. On 6 February 2002, J.A. and his brother were questioned individually by Detective Lyalls, without recording or witnesses. Detective Lyalls testified that J.A. told him that defendant had done bad things, including touching and squeezing his private area. After the interview with Detective Lyalls, Linda took J.A. to his pediatrician, Dr. Karolen Bowman, for an examination. Dr. Bowman took a history from J.A., who described abuse by defendant, and then examined J.A. The examination was normal, as Dr. Bowman expected.
J.R., another boy paired with defendant for mentoring, testified that defendant had touched his private parts while the two were at a swimming pool and at defendant's cabin. When defendant's arrest appeared in the newspaper, J.R.'s mother asked him if defendant had bothered him, but J.R. denied any inappropriate conduct had occurred. J.R.'s father then took him to his pediatrician, Dr. Thomas Frazer. Dr. Frazer testified that he took a history from J.R., which included descriptions of several incidents involving defendant, and then he examined J.R. The examination was normal, which was consistent with J.R.'s history.
R.S., a former student, spent time with defendant in 1997 and 1998. R.S. testified that defendant touched him inappropriately at a swimming pool and at defendant's cabin, as well as at a movie theatre.
D.C. was found not competent to testify, but his brother, J.C., testified that he had seen defendant touch D.C.'s "butt, back and private place" while the two were fully clothed at defendant's cabin.
Defendant himself testified that he had never touched any of the boys inappropriately. He also presented evidence from various co-workers about his good reputation and excellent work withchildren. A teacher and a guidance counselor at J.R.'s school testified that J.R. had a reputation for untruthfulness at school.
Analysis
First defendant argues that the court erred in admitting, over his objections, evidence of other alleged bad acts, pursuant to Evidence Rule 404. N.C. Gen. Stat. § 8C-1, Rule 404. Defendant contends that this evidence was improperly admitted to show his propensity or disposition to commit the crime with which he was charged. As discussed below, we disagree.
Evidence of other crimes or acts is not admissible for the purpose of showing the character of the accused or for showing his propensity to act in conformity with a prior act. N.C. Gen. Stat. § 8C-1, Rule 404(b) (2001). However, such evidence may be admissible for other purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment, or accident." Id. Our Supreme Court has held that Rule 404(b) is a rule of inclusion. State v. Golphin, 352 N.C. 364, 443, 533 S.E.2d 168, 221 (2000), cert. denied, 532 U.S. 931, 149 L. Ed. 2d 305 (2001)). "Indeed, North Carolina's appellate courts have been markedly liberal in admitting evidence of similar sex offenses to show one of the purposes enumerated in Rule 404(b)." State v. Brothers, 151 N.C. App. 71, 76, 564 S.E.2d 603, 607 (2002), appeal dismissed and disc. review denied, 356 N.C. 681, 577 S.E.2d 895 (2003) (internal quotation marks omitted). The two limits on the use of evidence under Rule 404(b) are similarity and temporal proximity. Further, "[w]hensimilar acts have been performed continuously over a period of years, the passage of time serves to prove, rather than disprove, the existence of a plan." State v. Frazier, 344 N.C. 611, 616, 476 S.E.2d 297, 300 (1996) (internal quotation marks omitted).
In State v. Curry, we held admission of prior bad acts proper under Rule 404(b) based on a similar set of facts. In that case, "the ages of the victims, the manner in which Defendant pursued them and gained their trust through a combination of sports, babysitting, and rides to and from school and the sexual conduct in which Defendant had engaged with the victims are all sufficiently similar to be probative of Defendant's intent and common plan or scheme." State v. Curry, 153 N.C. App. 260, 265, 569 S.E.2d 691, 695 (2002).
Here, the court allowed the State to present evidence about defendant's sexual misconduct with D.C., J.R., and R.S., over defendant's objections. After hearing voir dire testimony and arguments, the court ruled the evidence was probative of defendant's common scheme or plan, modus operandi, intent, design, and motive, and thus, admissible. All four boys were close in age, and each suffered from learning disabilities and school problems. Defendant had a mentoring relationship with each of the boys, during which he engaged in various recreational activities with them. The alleged abuse occurred during those recreational activities, and involved defendant touching the boys' genitals and other body parts. All of the incidents were alleged to have taken place between 1997 and early 2001. As in Curry, we conclude thatthe trial court did not err in ruling that the evidence involving defendant's acts against D.C., J.R., and R.S. was sufficiently similar to the charged conduct to permit its admission.
In a related argument, defendant contends that the court erred or committed plain error in instructing the jury that the evidence of prior bad acts showed defendant's "unnatural disposition" and could be considered for "general corroboration." We disagree.
Defendant requested the pattern jury instruction regarding Rule 404(b) evidence (N.C.P.I. Crim. 104.15), and the court instructed the jury as follows:
Now members of the jury, during the course of this trial, certain evidence has been received which if believed by you, the jurors, tends to show the Defendant committed various sexual acts with persons other than the individual named in the bills in this case, or subject to the charges of this case.
Now, this evidence was received for narrow and limited purposes. More specifically, for the purpose of showing that the Defendant had a modus operandi in the commission of various offenses charge[d] in the case; that the Defendant had the intent, which is a necessary element of the crime charged, for the crimes charged in the case; and that there existed in the mind of the Defendant a plan, scheme, system, or design involving the crimes charged in this case; and that the, the, for, and further for the purpose of showing the unnatural disposition of the Defendant towards adolescent young males.
Furthermore, you may consider such evidence for the purpose of general corroboration of the, of the crime charged.
Now if you believe, the evidence, then you may consider it, but only for the narrow purposes for which it is received.
Defendant argues that the court's reference to defendant's "unnatural disposition" and "general corroboration" was error because it suggested to the jury that the purpose for admitting the prior bad act testimony was to prove his character in order to show he acted in conformity therewith in violation of N.C. Gen. Stat. § 8C-1, Rule 404(b). The phrases "unnatural disposition" and "general corroboration" are taken from a footnote to the pattern jury instruction, listing circumstances in which the Pattern Jury Instruction Committee recommended not using the instruction.
Defendant did not object to the instruction when originally given, nor when it was repeated in response to a question from the jury. However, he contends the instruction is not identical to the current pattern instruction, and that because of the variance, his issue is preserved for review under the ordinary standard. Because the court gave the section of the pattern jury instruction requested by defendant, and because the defendant failed to object, we review for plain error. State v. Hardy, 353 N.C. 122, 131, 540 S.E.2d 334, 342 (2000), cert. denied, 534 U.S. 840, 151 L. Ed. 2d 56 (2001); N.C. R. App. P. 10(b)(2) ("A party may not assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict . . .").
[T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done, or where [the error] is grave error which amounts to adenial of a fundamental right of the accused, or the error has resulted in a miscarriage of justice or in the denial to appellant of a fair trial or where the error is such as to seriously affect the fairness, integrity or public reputation of judicial proceedings or where it can be fairly said the instructional mistake had a probable impact on the jury's finding that the defendant was guilty.
State v. McCarty, 326 N.C. 782, 785-6, 392 S.E.2d 359, 361 (1990) (internal quotation marks and citations omitted). "[E]ven when the 'plain error' rule is applied, '[i]t is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court.'" Hardy, 353 N.C. at 131, 540 S.E.2d at 342 (quoting State v. Odom, 307 N.C. 655, 660-61, 300 S.E.2d 375, 378 (1983)).
In McCarty, the defendant argued "it was error for the court to charge that the testimony was admitted to show ' that there exists in the minds of the defendants . . . the unnatural lust of the defendants in the alleged commission of the crimes charged'" because it encouraged the jury to consider his character and whether he had acted in conformity therewith. Id. at 785, 392 S.E.2d at 361. The Court found no prejudicial error in the jury charge, noting that it did not rise to the level of plain error. Similarly, here, we do not believe that any error in the instruction was so grave and fundamental that it likely altered the outcome. We overrule this assignment of error.
Defendant argues in the alternative that, to the extent that trial counsel did not properly preserve this issue for our review, it constitutes ineffective assistance of counsel. We disagree. To show ineffective assistance of counsel, a defendant must prove two things:
First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Strickland v. Washington, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052 (1984). In essence, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 80 L. Ed. 2d at 698. Here, defendant does not explain how counsel's failure to object, even if deficient performance, raises a reasonable probability that the trial outcome would have been different. We find no merit in this argument.
Defendant next argues that the court committed plain error in receiving Dr. Frazier as an expert in the diagnosis of child sexual abuse and in allowing him to testify that J.R.'s history was "consistent with" his having been abused. We disagree.
"An objection to a witness's qualifications as an expert in a given field or upon a particular subject is waived if it is not made in apt time upon this special ground. . . ." State v. Hunt, 305 N.C. 238, 243, 287 S.E.2d 818, 821 (1982). Here, because counsel made no objection at trial to Dr. Frazier's qualifications,these objections were waived. He also contends alternatively that this ruling was plain error. As noted above, the plain error rule is to be applied cautiously and only in the exceptional case where the error is so fundamental that justice cannot have been done.
State v. Black, 308 N.C. 736, 740-41, 303 S.E.2d 804, 806 (1983). This is not the exceptional case where, in light of the other evidence presented, any error in admitting Dr. Frazer as an expert witness was so prejudicial that it amounted to plain error. We overrule this assignment of error.
Defendant also contends that the court erred by admitting certain testimony from the doctor. "In a sexual offense prosecution involving a child victim, the trial court should not admit expert opinion that sexual abuse has in fact occurred because, absent physical evidence supporting a diagnosis of sexual abuse, such testimony is an impermissible opinion regarding the victim's credibility." State v. Stancil, 355 N.C. 266, 266-67, 559 S.E.2d 788, 789 (2002) (emphasis in original). "However, an expert witness may testify, upon a proper foundation, as to the profiles of sexually abused children and whether a particular complainant has symptoms or characteristics consistent therewith." Id. at 267, 559 S.E.2d at 789. In discussing the propriety of expert testimony that a child victim's physical examination is consistent with his history, our Supreme Court noted that the testimony "did not comment on the truthfulness of the victim or the guilt or innocence of defendant. . . . [but only assisted] the jury in understanding the results of the physical examination and their relevancy to thecase being tried." State v. Aguallo, 322 N.C. 818, 823, 370 S.E.2d 676, 678 (1988); N.C. Gen. Stat. § 8C-1, Rule 702 (2001).
In his testimony here, Dr. Frazer did not comment on the victim's truthfulness. Rather, Dr. Frazer testified that J.R.'s physical examination was normal and that this result was consistent with J.R.'s history. The court did not err in admitting this testimony.
Defendant next argues that the court erred in overruling defendant's objections to the State's use of leading questions during the testimony of J.A. and J.R., and in allowing Dr. Frazer and Dr. Bowman to present corroborative testimony. We do not agree.
"It is within the sound discretion of the trial judge to allow leading questions on direct examination, and in cases involving children or an inquiry into delicate subjects such as sexual matters, the judge is accorded wide latitude to exercise that discretion." State v. Chandler, 324 N.C. 172, 190, 376 S.E.2d 728, 739 (1989); see also State v. Dalton, 96 N.C. App. 65, 70, 384 S.E.2d 573, 576 (1989) (holding leading questions appropriate where "the prosecuting witness . . . was fifteen years old at the time of trial. . . . [and] her testimony, in open court, pertained to sexual matters of a delicate, sensitive, and embarrassing nature"). The boys questioned here were not only young (13 and 14 years old), but also suffered from learning disabilities (J.R.) and mental retardation (J.A.). The questions asked concerned embarrassing sexual matters and were asked before a courtroom full of strangers. The court did not abuse its discretion by permitting this leading of the witnesses.
Defendant also contends that the court improperly admitted testimony from Dr. Frazer and Dr. Bowman recounting the victims' prior consistent statements, for corroborative purposes. "Although hearsay is inadmissible except as provided by statute or the Rules of Evidence, N.C.G.S. § 8C-1, Rule 802 [], an exception to this general rule allows admission of a prior consistent statement. Under this exception, a witness' prior consistent statements may be admitted to corroborate the witness' sworn trial testimony." State v. Lloyd, 354 N.C. 76, 103, 552 S.E.2d 596, 616-17 (2001) (internal citations and quotations marks omitted). "[P]rior consistent statements are admissible even though they contain new or additional information so long as the narration of events is substantially similar to the witness' in-court testimony." Id. at 104, 552 S.E.2d at 617. "A trial court has wide latitude in deciding when a prior consistent statement can be admitted for corroborative, nonhearsay purposes." Id. (internal quotation marks omitted).
Here, the doctors' testimony was substantially similar to the testimony given by J.A. and J.R. Defendant contends that because J.A.'s and J.R.'s testimony in response to leading questions should be disregarded, there was no testimony to be corroborated. As discussed above, the leading questions were not improper. This argument is without merit and we overrule it. Defendant also argues that the court committed plain error in instructing the jury on character evidence of untruthfulness of the State's witnesses. We disagree.
The court instructed the jury that it could consider evidence of a witness's character for untruthfulness in deciding whether to believe that witness's testimony, tracking the pattern jury instruction. N.C.P.I.-Crim. 105.30. Defendant contends, however, that the court erred in failing to instruct the jury that it could consider the evidence of J.R.'s and R.S.'s character for untruthfulness in deciding whether to believe their hearsay declarations. Because defendant did not object to the instruction at trial, we review under the plain error standard as previously discussed. Because this is not that exceptional case in which the claimed error is so prejudicial as to be fundamentally unjust, we overrule this assignment of error.
In addition, defendant argues that his trial counsel provided ineffective assistance by failing to object to the instruction. We do not believe that defendant has met his burden of establishing either element of Strickland.
No error.
Judges TYSON and BRYANT concur.
Report per Rule 30(e).