STATE OF NORTH CAROLINA v. SHIRLEY JACK GOODWIN

No. 274A86

(Filed 7 July 1987)

**Criminal Law § 53; Rape and Allied Offenses § 4— post traumatic stress disorder —witness improperly qualified as expert**

The trial court erred in a prosecution for first degree sexual offense, indecent liberties, and attempted rape by admitting expert testimony that the alleged victim was suffering from post traumatic stress disorder where the questions posed and the answers given in qualifying the witness as an expert in the field of clinical social work failed to establish that the witness had any particularized training or experience relating to post traumatic stress disorder; the witness may have received his graduate degrees as much as ten years prior to medical recognition of this disorder and, given the relative newness of recognition of this disorder, the court could not assume that the witness received training in it during his graduate studies; and the prosecutor failed to inquire as to whether the witness had received any postgraduate education on the disorder or had actual experience in identifying and counselling regarding it. N.C.G.S. § 8C-1, Rule 702.

APPEAL by defendant pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a life sentence entered by *Tillery, J.*, at the 20 January 1986 Mixed Session of Superior Court, DARE County. Heard in the Supreme Court 13 May 1987.

*Lacy H. Thornburg, Attorney General, by Sylvia Thibaut, Assistant Attorney General, for the State.*

*Russell E. Twiford; Cheshire, Parker & Hughes, by Joseph B. Cheshire V, and Gordon Widenhouse, for defendant-appellant.*

WHICHARD, Justice.

The sole issue we must decide is whether the trial court erred in allowing expert testimony that the alleged victim was suffering from post traumatic stress disorder. Because the foundation to qualify the witness to offer this testimony was insufficient, we hold that it was error to allow it and accordingly award a new trial.

Defendant was tried and convicted of two counts of first degree sexual offense, two counts of taking indecent liberties, and attempted rape. He was sentenced to life imprisonment for the first degree sexual offenses, six years imprisonment on the indecent liberties convictions, and three years imprisonment on the attempted rape conviction. The court ordered all sentences served concurrently.

Evidence at trial showed that defendant, a fifty-nine year old naval architect, invited his girlfriend and her two children to his cottage at Kill Devil Hills. The girlfriend's daughter asked another child to accompany them to the beach. According to the invited child (the victim here), while defendant's girlfriend was at the store, defendant took the two girls into a bedroom and showed them "dirty magazines" and two vibrators. He also had them touch his private parts. Later that evening defendant came into their bedroom with no clothes on and put his mouth on their private parts. He also placed a vibrator on the children's private parts, placed his penis on their private parts, and had both put their mouths on his privates. The pediatrician who examined the prosecutrix testified that he found no evidence of sexual abuse or physical trauma to her female organs.

Defendant's evidence, presented through the girlfriend and her two children, tended to show that the two girls went with the girlfriend to the store that day rather than remaining at the cottage, and that both girls slept on the couch that night, rather than in a bedroom, because it was near the air conditioner. The girlfriend's son testified that the two girls were on the couch when he returned to the cottage around 3:00 a.m. According to the girlfriend and her daughter, defendant never abused or molested either of the two children. A physical examination of the girlfriend's daughter also revealed no evidence of physical trauma to her female organs.

The State sought to present expert testimony by a licensed clinical social worker that the daughter's friend suffered from post traumatic stress disorder. The witness was qualified as an expert in the field of clinical social work based on the following testimony:

Q. What is your occupation?

A. I am a licensed clinical social worker.

Q. And licensed by whom?

A. By the Commonwealth of Virginia.

Q. And that gives you authority to do what?

A. Basically, to practice in mental health and psychotherapeutic counselling with people for emotional and psychological reasons.

Q. In the course of that work . . . do you diagnose disorders that people may have?

A. Yes, emotional disorders.

Q. Would you give the jury a little bit of your background please, in the field in which you work?

A. Yes, I have approximately fifteen years of mental health experience. I worked for a long period of time in San Antonio, Texas, and then in the last seven and ½ years I have worked at Portsmouth Psychiatric Hospital on a children's inpatient unit which treated exclusively children with emotional problems, and children who have experienced trauma. I am currently in private practice.

State v. Goodwin

\*  \*  \*

Q. What is your education in that field?

A. I have a master's degree in psychology and sociology, and a master's degree in social work from the University of Kansas.

Following the court's ruling qualifying this witness to testify as an expert in the field of licensed clinical social work, the prosecutor asked: "Can you tell the jury *in your capacity as an expert* what post-traumatic stress syndrome is?" (Emphasis added.) Over objection the witness was allowed to describe this disorder and to testify that in his opinion the daughter's friend was suffering from post traumatic stress syndrome as a result of sexual abuse. Defendant assigns error to the admission of this testimony.

Post traumatic stress syndrome is a relatively newly recognized medical disorder. *See Funchess v. Wainwright*, 788 F. 2d 1443, 1445 (1986) (post traumatic stress disorder not generally recognized until publication of the third edition of the *Diagnostic and Statistical Manual of Mental Disorders* by the American Psychiatric Association in 1980). Its essential feature is the development of characteristic symptoms following a psychologically traumatic event generally outside the range of normal human experience. *Diagnostic and Statistical Manual of Mental Disorders*, (DSM-III) (3d ed. 1980), 236. While the admissibility of testimony concerning this disorder and its analogue, rape trauma syndrome, has recently been debated in a number of jurisdictions, *see, e.g.*, 42 A.L.R. 4th 879 (1985), in those jurisdictions that allow such testimony courts have examined not only the academic degrees held by the witness, but practical experience as well, in determining whether the witness qualified as an expert in this area. *See, e.g.*, McCord, The Admissibility of Expert Testimony Regarding Rape Trauma Syndrome in Rape Prosecutions, 26 B.C.L. Rev. 1143, 1200 (1985).

Whether a witness has the requisite skill to qualify as an expert in a given area is chiefly a question of fact, the determination of which is ordinarily within the exclusive province of the trial court. *State v. Bullard*, 312 N.C. 129, 140, 322 S.E. 2d 370, 376 (1984), quoting *State v. King*, 287 N.C. 645, 658, 215 S.E. 2d 540, 548-49, *death sentence vacated*, 428 U.S. 903 (1976). Under N.C.G.S. § 8C-1, Rule 702 a witness may be qualified as an expert

State v. Goodwin

if the trial court finds that through "knowledge, skill, experience, training, or education" the witness has acquired such skill that he or she is better qualified than the jury to form an opinion on the particular subject.

Here the questions posed and answers given in qualifying the witness as an expert in the field of clinical social work failed to establish that the witness had any particularized training or experience relating to post traumatic stress disorder. Such training or experience is not inherent in the designation "licensed clinical social worker." It is unclear when the witness received his graduate degrees, but the transcript suggests that it may have been as much as ten years prior to medical recognition of this disorder. Given the relative newness of recognition of this disorder, the court could not assume that the witness received training in it during his graduate studies. The prosecutor also failed to inquire as to whether the witness had received any postgraduate education on the disorder or had actual experience in identifying and counselling regarding it. Without a foundation showing the witness to have sufficient skill, knowledge, or experience in or related to the syndrome, it was impossible to determine whether his opinion would aid the trier of fact in the search for truth. McCormick on Evidence Sec. 13 (3d ed. 1984).

As in *State v. Stafford,* "[w]e neither reach nor decide the question of whether in a proper case expert testimony concerning [post traumatic stress syndrome] will be admitted in the trial courts of this state." *State v. Stafford,* 317 N.C. 568, 569, 346 S.E. 2d 463, 464 (1986). We hold only that the testimony was improperly admitted here because the State failed to lay a sufficient foundation to establish that the witness was qualified to offer it. We thus award a new trial, obviating the need to address defendant's remaining assignments of error.

New trial.