STATE OF NORTH CAROLINA v. CHARLIE JAMES JONES

No. 893SC1102

(Filed 17 July 1990)

1. **Rape and Allied Offenses § 5 (NCI3d) — age of prosecutrix — sufficiency of evidence**

   Testimony by the prosecutrix in a rape case that she was forced to have intercourse with defendant on numerous occasions during her seventh grade school term, during a portion of which time she was 12, and her testimony that defendant raped her a few days after her great grandfather's death at which time she was 11 was sufficient evidence that the prosecutrix was under the age of 13 during the times of the alleged offenses to withstand defendant's motion to dismiss.

   **Am Jur 2d, Rape §§ 58, 88.**

2. **Rape and Allied Offenses § 4 (NCI3d); Criminal Law § 162 (NCI3d) — post traumatic stress disorder — child sexual abuse accommodation syndrome — failure to object to expert testimony — no challenge on appeal**

   Defendant waived his right to challenge on appeal the qualification of experts who testified concerning post traumatic

STATE v. JONES

[99 N.C. App. 412 (1990)]

stress disorder and child sexual abuse accommodation syndrome, since he made no objection at trial; furthermore, each witness in this case testified at length regarding his credentials, and such evidence amply supported the trial court's decision to admit the testimony of the proffered experts.

**Am Jur 2d, Appeal and Error §§ 545, 601.**

3. **Rape and Allied Offenses § 4 (NCI3d) — post traumatic stress syndrome — admissibility of expert testimony**

The trial court in a rape case did not err in allowing expert testimony as to whether the prosecutrix was suffering from post traumatic stress syndrome.

**Am Jur 2d, Rape § 68.5.**

4. **Rape and Allied Offenses § 4 (NCI3d) — prosecutrix afflicted with mental disorder — expert testimony admissible**

The trial court in a rape case did not err in allowing the prosecutor to ask expert witnesses if they had opinions as to whether the prosecutrix was afflicted with a mental disorder which would cause her to fantasize about sexual assaults in general.

**Am Jur 2d, Rape § 68.5.**

5. **Criminal Law § 904 (NCI4th); Rape and Allied Offenses § 19 (NCI3d) — taking indecent liberties with child — instructions proper**

Defendant's right to a unanimous verdict was not violated by the trial court's instruction that an indecent liberty is an immoral or indecent touching when the jury could have found that either acts of intercourse or acts of fondling constituted a violation of the indecent liberties statute.

**Am Jur 2d, Infants § 17.5; Rape § 108.**

APPEAL by defendant from judgments entered 19 May 1989 by *Judge David E. Reid, Jr.,* in PITT County Superior Court. Heard in the Court of Appeals 30 May 1990.

Defendant was first indicted for three counts of taking indecent liberties and two counts of first-degree rape on 10 March 1986. He was tried on those charges on 27 October 1986 before the Honorable John B. Lewis, Jr. Defendant was convicted by a jury

at that time. On appeal, the Supreme Court of North Carolina reversed that conviction and ordered a new trial. *See State v. Jones*, 322 N.C. 585, 369 S.E.2d 822 (1988). Defendant was again tried on these charges before the Honorable G. K. Butterfield. Judge Butterfield declared a mistrial during that proceeding on 10 March 1988. This matter was then heard by the Honorable David E. Reid, Jr., on or about 15 May 1989 and defendant was convicted of all charges. He has been sentenced to two concurrent life sentences for the rape convictions and three consecutive five-year sentences for the three indecent liberties convictions.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Martha K. Walston, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Mark D. Montgomery, for defendant-appellant.*

ORR, Judge.

The State's evidence tended to show that the prosecutrix, who was born on 4 October 1971, had been living with her mother and her stepfather, the defendant, since August 1981. The prosecutrix testified, in part, that shortly after her mother and defendant married, defendant began to spend more time with her and her younger sister. She stated that not long after this period defendant began to fondle her in her breast and vaginal areas.

The prosecutrix testified that she informed her mother of these events and that defendant thereafter began to threaten to kill her. Also at this time defendant began to force the prosecutrix to engage in sexual intercourse with him. According to the prosecutrix, the acts of intercourse sometimes occurred as often as every day.

The prosecutrix further testified that on or about 21 October 1985, the evening after her mother agreed to let her move in with her natural father and his wife, defendant choked her for nearly two hours during which time he cut her across her throat with a pocketknife. On the following day, the prosecutrix told her natural father of this particular incident. She was later examined by a physician who observed swelling and scratches on her neck.

Sometime subsequent to this period, the prosecutrix told her natural father that she had been raped by defendant. Defendant

was later arrested and charged with three counts of taking indecent liberties with a minor and with two counts of first-degree rape.

I.

[1]  The first issue raised by defendant is whether the trial court erred in denying his motion to dismiss the charge of rape in case number 86 CRS 4615. Defendant contends that the State failed to provide sufficient evidence as to whether the rape offenses occurred before the prosecutrix' thirteenth birthday. According to him, since there was no evidence that the offenses occurred while the prosecutrix was under the age of 13, the State failed in its duty to provide proof of each element of the crime with which he was charged. The State argues that although the prosecutrix was at times unsure as to her age when these events took place, there were references made to specific events which corresponded with the dates of the rapes. Since the prosecutrix' date of birth was known, it was simply a matter of the jury calculating her age at the times of the events which corresponded with the dates the rapes occurred.

A motion to dismiss should be granted when there is insufficient evidence of each element of an offense to support a conviction. *State v. Powell*, 299 N.C. 95, 261 S.E.2d 114 (1980). Upon a motion to dismiss, the court must evaluate the evidence in the light most favorable to the State and it must determine whether the State has presented substantial evidence of *every element of the offense with which defendant has been charged. Id.* Evidence is considered to be substantial if it is relevant and sufficient for a reasonable person to accept as adequate to support a conclusion. *State v. Porter*, 303 N.C. 680, 281 S.E.2d 377 (1981).

In case number 86 CRS 4615, defendant was indicted for "unlawfully, willfully and feloniously . . . engag[ing] in vaginal intercourse with [prosecutrix], a child who was under the age of thirteen (13) years at the time." The dates of these offenses were stated to be 1 October 1983 through September 1984. Based upon this charge, the State was required to present substantial evidence on, among other elements, the prosecutrix' age at the time of the offenses.

The prosecutrix testified that her date of birth is 4 October 1971. She stated that her mother and defendant married in August 1981. She and her family moved into a home in the Emorywood

STATE v. JONES

[99 N.C. App. 412 (1990)]

subdivision of Greenville one year later when she was about 11 and during her sixth grade school term. When asked how old she was when the sexual intercourse began, the prosecutrix replied that she may have been 12. She further stated that defendant had sex with her "a lot of times" when she attended A. G. Cox School and that she was in seventh grade during that time. The prosecutrix said that she was 12 in seventh grade until her thirteenth birthday in October. Under cross-examination, the prosecutrix testified that a few days after her great-grandfather died defendant forced her to engage in sexual intercourse with him. While testifying for the defendant, the prosecutrix' mother stated that her grandfather (the prosecutrix' great-grandfather) died in January 1983.

We find that this evidence is sufficient for withstanding a motion to dismiss on the ground that the State failed to present ample evidence of the prosecutrix' age at the times of the alleged incidents of rape. Taking the evidence in the light most favorable to the State, as the trial court was required to do, the prosecutrix' testimony that she was forced to have intercourse with defendant on numerous occasions during her seventh grade school term, during a portion of which time she was 12, and her testimony that defendant raped her a few days after her great-grandfather's death at which time she was 11, there is sufficient evidence regarding the age of the prosecutrix during the times of the alleged offenses charged in case number 86 CRS 4615. This assignment of error is overruled.

II.

Defendant next raises the related issue of whether the trial court erred in denying his objections to the State's question regarding what additional things had taken place when the prosecutrix was 12. Defendant argues that he was prejudiced by the State asking the prosecutrix what other events had taken place "when [she was] twelve" because this was assuming facts about her age which were not in evidence. He further contends that this unfairly suggested to the jury that the prosecutrix was 12 when the alleged incidents took place. The State argues that this contention is meritless because there was evidence of the prosecutrix' age at the time when the alleged rapes occurred.

Because defendant bases this argument on his previous contention that there was no evidence of the prosecutrix' age during the alleged rapes, and we have concluded that there was sufficient

evidence of record regarding her age, we conclude that defendant has not demonstrated that he was prejudiced by this line of questioning. This assignment of error is likewise overruled.

III.

The next issue raised by defendant is whether the trial court erred in allowing testimony that the prosecutrix displayed signs consistent with sexual abuse, that she did not have a mental condition which would cause her to fantasize about the alleged event, and that the prosecutrix was suffering from post-traumatic stress disorder and child sexual abuse accommodation syndrome.

Defendant argues that it was error for the court to allow witnesses to testify regarding the prosecutrix' credibility. He also argues that it was error to allow testimony about post-traumatic stress disorder and child sexual abuse accommodation syndrome because those are improper subjects for expert testimony and because the witnesses were not qualified to testify about such matters.

On the other hand, the State first contends that defendant waived his right to object to such testimony because he failed to object and set out any exceptions in the record. The State next argues that the witnesses were qualified to testify to these matters and North Carolina has not specifically rejected the use of this type of evidence in rape cases.

[2] Turning first to defendant's contention that the experts were not qualified to testify to these matters, we have carefully examined the record and transcript before us and we conclude that defendant did not object when the State offered Doctors Cleghorn and Durham as experts. Indeed, in both instances the trial judge noted that no objection was made by defendant and that the witnesses were experts in the field of clinical psychology. Therefore, defendant has waived his right to challenge this matter because he has failed to preserve this question for our review. N.C. R. App. P. 10(b) (1983). Furthermore, "[w]hether a witness has the requisite skill to qualify as an expert in a given area is chiefly a question of fact, the determination of which is ordinarily within the exclusive province of the trial court." *State v. Goodwin*, 320 N.C. 147, 150, 357 S.E.2d 639, 641 (1987). Therefore, "[a] finding by the trial judge that the witness possesses the requisite skill will not be reversed on appeal unless there is no evidence to sup-

port it." *State v. Bullard*, 312 N.C. 129, 140, 322 S.E.2d 370, 376 (1984) (citations omitted). Our review of the evidence demonstrates that each witness testified at length regarding their credentials. In the absence of a showing of an abuse of this discretion, we find that such evidence amply supports the trial court's decision.

[3] Next, we shall address defendant's contention that the courts of this state have not accepted this type of testimony in rape cases. Although defendant is correct that the Court did not reach this question in *Goodwin*, our Court has had at least two occasions since *Goodwin* to address the admissibility of similar testimony.

In the case of *State v. Strickland*, 96 N.C. App. 642, 387 S.E.2d 62, *disc. review denied*, 326 N.C. 486, 392 S.E.2d 100 (1990), this Court concluded that there was no error in allowing a psychologist to testify regarding her opinion that the prosecutrix was suffering from post-traumatic stress syndrome. There, a jury convicted defendant of, among other things, second-degree rape and second-degree sexual offense. Therefore, we must overrule defendant's challenge to the court's admission of this evidence on the basis of *Strickland*.

[4] Additionally, defendant argues that the witnesses impermissibly bolstered the credibility of the prosecutrix by testifying that she was not suffering from any mental disorders which would cause her to fantasize that these events had actually taken place. Defendant bases his contention on the Supreme Court's holding in *State v. Heath*, 316 N.C. 337, 341 S.E.2d 565 (1986).

In *Heath*, the expert witness gave an opinion as to whether the prosecutrix could have been suffering from " 'a mental condition which could or might have caused her to *make up a story* about *the* sexual assault.' " *Id.* at 341, 341 S.E.2d at 567 (emphases in original). There, the Court took exception to the prosecutor's use of the word "the" which the Court said referred to the particular incident in question. *Id.* The Court stated that it would have been a different situation if the prosecutor had asked the witness if "she had an opinion as to whether [the prosecutrix] was afflicted with any mental condition which might cause her to fantasize about sexual assaults in general . . . ." *Id.* at 341, 341 S.E.2d at 568.

Here, the prosecutor asked the witnesses if they had opinions as to whether the prosecutrix was afflicted with a mental disorder

which would cause her to fantasize about sexual assaults "in general." Based upon the Court's discussion in *Heath*, we find that this testimony was not violative of defendant's rights.

## IV.

[5] Defendant's final argument concerns the trial court's instruction to the jury regarding the indecent liberties charge. He contends that it was error for the court to charge the jury that an indecent liberty is an immoral or indecent touching because there were three specific acts — intercourse, fondling, and acts of violence — which could have supported a conviction under the indecent liberties statute. Consequently, there is no way to know which single act, if any, was the basis of the guilty verdict. As a result, defendant argues that his right to a unanimous verdict was violated. The State contends that since the Legislature has not chosen to distinguish between the types of indecent liberties, the trial court's instructions were correct.

Our Supreme Court has just recently addressed this question in *State v. McCarty*, 326 N.C. 782, 392 S.E.2d 359 (1990), a case which is factually similar to the one at bar. There, the defendant had been convicted of second-degree rape, first-degree sexual offense, incest and taking indecent liberties with a child. *Id.* at 783, 392 S.E.2d at 359. In an unpublished opinion filed by this Court, defendant was given a new trial on the first-degree sexual offense charge and the indecent liberties charge. *Id.*

The facts in that case revealed that defendant had forced his daughter to have sexual intercourse with him. *Id.* He also performed digital penetration on her and made her perform fellatio on him. *Id.* As to the indecent liberties charge, the trial court had instructed the jury that an indecent liberty was an immoral or indecent touching by the defendant or an inducement by the defendant of an immoral or indecent touching by the child. *Id.* at 784, 392 S.E.2d at 360. This Court held that such instruction made it impossible to determine which one of the several acts referred to above supported defendant's conviction. *Id.* We concluded that defendant was entitled to a new trial.

However, the Supreme Court reviewed that decision and reversed our grant of a new trial on the basis of their holding in the case of *State v. Hartness*, 326 N.C. 561, 391 S.E.2d 177 (1990). In *Hartness*, the facts tended to show that defendant had engaged

in various acts of sexual relations with his daughter and stepson. *Id.* at 563, 391 S.E.2d at 178. Defendant was convicted of taking indecent liberties with a child and felony child abuse. *Id.* at 562, 391 S.E.2d at 177.

In its holding, the *Hartness* Court first specifically rejected our holding in the case of *State v. Britt,* 93 N.C. App. 126, 377 S.E.2d 79 (1989), to the extent that we had relied on a drug trafficking case to award defendant a new trial on an indecent liberties conviction. *Id.* at 564, 391 S.E.2d at 179. The *Hartness* Court next pointed out that:

> N.C.G.S. § 14-202.1 proscribes simply 'any immoral, improper, or indecent liberties.' Even if we assume that some jurors found that one type of sexual conduct occurred and others found that another transpired, the fact remains that the jury as a whole would unanimously find that there occurred sexual conduct within the ambit of 'any immoral, improper, or indecent liberties.'

*Id.* at 565, 391 S.E.2d at 179.

Therefore, in reliance on the Court's holding in *McCarty* and *Hartness,* we find that the trial court's instruction to the jury was not error. Those holdings make it clear that the risk of a nonunanimous verdict does not arise in cases such as the instant one where there was "sexual conduct within the ambit of any immoral, improper or indecent liberty." Furthermore, in light of the trial court's instruction to the jury that the testimony regarding the acts of violence was only relevant to the prosecutrix' delay in reporting her allegations of abuse, there is no merit in defendant's claim that the evidence of his violent behavior could have supported the jury's guilty verdict on this charge. Nor is there any merit to defendant's contention that he is entitled to a new trial on the basis of *Britt* and *State v. Callahan,* 86 N.C. App. 88, 356 S.E.2d 403 (1987), *disc. review denied,* 325 N.C. 274, 384 S.E.2d 521 (1989), due to the holdings in *Hartness* and *McCarty.*

Accordingly, we find that defendant was afforded a fair trial free of prejudicial error. The assignments of error raised by this appeal are overruled. The judgments and sentences imposed are affirmed.

No error.

Judges EAGLES and GREENE concur.