CAROLEEN MYERS HAMILTON, EXECUTOR OF THE ESTATE OF RONNIE C. HAMILTON, SR., DECEASED, PLAINTIFF v. THOMASVILLE MEDICAL ASSOCIATES, INC. AND OSCAR M. BLACKWELL, M.D., DEFENDANTS

No. COA07-583

(Filed 18 December 2007)

## 1. Evidence— motion in limine—subject to modification during trial

The trial court did not abuse its discretion in a medical malpractice case by revisiting and considering defendants' motion in limine on 12 February 2007 even though plaintiff contends defendants failed to file and serve upon plaintiff any purported

motion in limine to exclude plaintiff's expert witness testimony on the element of causation between 2 November 2006 and 12 February 2007, because: (1) the court's ruling on a motion in limine is not a final ruling on the admissibility of the evidence in question, but only interlocutory or preliminary in nature; and (2) the trial court's denial of defendants' motion in limine to exclude plaintiff's expert testimony on 3 November 2006 was subject to modification during the course of the trial.

**2. Witnesses— qualifications—causation—better position to have opinion on subject than trier of fact**

The trial court erred in a medical malpractice case by granting defendants' motion in limine to exclude plaintiff's expert testimony regarding causation based on its determination that the witnesses were not qualified as experts in the area of neurosurgery, and thus also erred by granting defendants' motion for summary judgment on the basis that plaintiff has no competent evidence with regard to causation, because: (1) it is not necessary that an expert be experienced with the identical subject matter at issue or be a specialist, licensed, or even engaged in a specific profession as long as the expert witness, based on his expertise, is in a better position to have an opinion on the subject than is the trier of fact; and (2) plaintiff's tendered expert witnesses included an internist and a neurologist, and the witnesses were in a better position than the trier of fact to have an opinion on the subject of whether decedent would have suffered a stroke but for a doctor's failure to read the 29 November 1999 MRI.

Appeal by plaintiff from judgment entered 26 February 2007 by Judge W. Erwin Spainhour in Davidson County Superior Court. Heard in the Court of Appeals 15 November 2007.

*Charles Peed and Associates, P.A., by Charles O. Peed, Jr., and J. William Snyder, Jr., for plaintiff-appellant.*

*Elizabeth Horton, for defendants-appellees.*

TYSON, Judge.

Caroleen Myers Hamilton, Executor of the Estate of Ronnie C. Hamilton, Sr. ("executrix"), appeals from an order granting Thomasville Medical Associates, Inc.'s and Dr. Oscar M. Blackwell's ("Dr. Blackwell") (collectively, "defendants") motion for summary judgment. We reverse and remand.

HAMILTON v. THOMASVILLE MED. ASSOCS.

[187 N.C. App. 789 (2007)]

## I. Background

On 18 March 2003, Ronnie C. Hamilton, Sr. ("Mr. Hamilton") filed a complaint, which alleged claims of medical malpractice, against defendants and several other parties. Mr. Hamilton alleged he would not have suffered a stroke on 1 December 1999 if defendants and several other parties had taken earlier and different actions concerning his medical treatment. All other parties were dismissed from this action. Mr. Hamilton died 10 January 2006 from pancreatic cancer. Executrix was substituted as plaintiff by consent order filed 13 April 2006.

On 2 October 2006, the trial court heard arguments on defendants': (1) motion *in limine* to exclude plaintiff's experts' testimony and (2) motion for summary judgment on the grounds plaintiff had no competent evidence to support the causation element of the medical malpractice claim. In an order entered 3 November 2006, Judge Larry Ford denied defendants' motion *in limine* and motion for summary judgment. The case was continued until 12 February 2007.

On 1 February 2007, defendants filed a motion *in limine* to "exclude from evidence a DVD purporting to show [Mr. Hamilton] at various family occasions . . . ." On 6 February 2007, defendants filed a notice of hearing on motions *in limine* and an affidavit of Dr. Travis Jackson, a North Carolina neurologist. On 9 February 2007, defendants filed a motion *in limine* to prohibit the introduction or mention of certain evidence by plaintiff, her counsel, or any other witnesses.

In open court on 12 February 2007, plaintiff filed her "response to motion *in limine* of defendants . . . to exclude causation testimony of internist Dr. Michael Williams and neurologist Dr. David Roeltgen and for summary judgment." On 26 February 2007, the trial court filed its final order, which granted: (1) "defendants' motions *in limine* to exclude causation testimony by plaintiff's purported expert witnesses . . . ." and (2) "defendants' motion for summary judgment . . . on the basis that plaintiff has no competent evidence with regard to causation, an essential element of any medical malpractice claim . . . ." The trial court dismissed plaintiff's action. Plaintiff appeals.

## II. Issues

Plaintiff argues the trial court erred by: (1) considering and granting defendants' motion *in limine* to exclude plaintiff's experts' testimony and (2) granting defendants' motion for summary judgment.

**HAMILTON v. THOMASVILLE MED. ASSOCS.**

[187 N.C. App. 789 (2007)]

### III.  Motion *in Limine*

**[1]** Plaintiff argues the trial court erred by considering and granting defendants' motion *in limine* because "defendants failed to file and serve upon [] [p]laintiff any purported motion *in limine* to exclude [] [p]laintiff's expert witness testimony on the element of causation between November 2, 2006 and February 12, 2007." We review these issues separately.

### A.  Consideration of Motion *in Limine*

A motion *in limine* seeks pretrial determination of the admissibility of evidence proposed to be introduced at trial, and is recognized in both civil and criminal trials. The trial court has wide discretion in making this advance ruling and will not be reversed absent an abuse of discretion. *Moreover, the court's ruling is not a final ruling on the admissibility of the evidence in question, but only interlocutory or preliminary in nature. Therefore, the court's ruling on a motion in limine is subject to modification during the course of the trial.*

*Heatherly v. Industrial Health Council,* 130 N.C. App. 616, 619, 504 S.E.2d 102, 105 (1998) (emphasis supplied) (internal citations and quotation omitted).

Judge Ford's denial of defendants' motion *in limine* to exclude plaintiff's experts' testimony on 3 November 2006 was "subject to modification during the course of the trial." *Id.* The trial court did not err by revisiting and considering defendants' motion *in limine* on 12 February 2007. This assignment of error is overruled.

### B.  Granting of Motion *in Limine*

**[2]**                    1.  Standard of Review

It is well-established that trial courts must decide preliminary questions concerning the qualifications of experts to testify or the admissibility of expert testimony. When making such determinations, trial courts are not bound by the rules of evidence. In this capacity, *trial courts are afforded wide latitude of discretion* when making a determination about the admissibility of expert testimony. Given such latitude, it follows that a *trial court's ruling* on the qualifications of an expert or the admissibility of an expert's opinion *will not be reversed on appeal absent a showing of abuse of discretion.*

*Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 458, 597 S.E.2d 674, 686 (2004) (emphasis supplied) (internal citations and quotation omitted). "A trial court may be reversed for an abuse of discretion only upon a showing that its ruling was so arbitrary that it could not have been the result of a reasoned decision." *State v. Wilson*, 313 N.C. 516, 538, 330 S.E.2d 450, 465 (1985) (citation omitted).

### 2. Analysis

In *State v. Goode*, 341 N.C. 513, 461 S.E.2d 631 (1995), our Supreme Court:

> set forth a three-step inquiry for evaluating the admissibility of expert testimony: (1) Is the expert's proffered method of proof sufficiently reliable as an area for expert testimony? (2) Is the witness testifying at trial qualified as an expert in that area of testimony? (3) Is the expert's testimony relevant?

*Howerton*, 358 N.C. at 458, 597 S.E.2d at 686 (internal citations omitted).

Here, the trial court found plaintiff's experts were not qualified as experts in the area of neurosurgery and ruled plaintiff could not forecast evidence of causation. We evaluate this ruling under the second factor of the *Goode* test. 341 N.C. at 529, 461 S.E.2d at 640.

As our Supreme Court explained in *Howerton*:

> [i]n the second step of analysis under *Goode*, the trial court must determine whether the witness is qualified as an expert in the subject area about which that individual intends to testify. 341 N.C. at 529, 461 S.E.2d at 640. Under the North Carolina Rules of Evidence, a witness may qualify as an expert by reason of "knowledge, skill, experience, training, or education," where such qualification serves as the basis for the expert's proffered opinion. N.C.G.S. § 8C-1, Rule 702(a). As summarized in *Goode*,

> *"It is not necessary that an expert be experienced with the identical subject matter at issue or be a specialist, licensed, or even engaged in a specific profession."* "It is enough that the expert witness 'because of his expertise is in a better position to have an opinion on the subject than is the trier of fact.' "

> 341 N.C. at 529, 461 S.E.2d at 640 (citations omitted). "Whether a witness has the requisite skill to qualify as an expert in a given area is chiefly a question of fact, the determination of which is

ordinarily within the exclusive province of the trial court." *State v. Goodwin*, 320 N.C. 147, 150, 357 S.E.2d 639, 641 (1987).

358 N.C. at 461-62, 597 S.E.2d at 688 (emphasis supplied).

The record shows plaintiff's tendered expert witnesses included an internist and a neurologist. In an affidavit submitted by defendants, neurologist Dr. Travis Jackson stated:

4. As a neurologist, I order and interpret films and scans including MRI and other films and scans of the brain. I regularly order and interpret MRI's of the brain like the one ordered by Dr. Blackwell on November 29, 1999.

5. However, and even though I read and interpret these films, I am not a surgeon. If the films show what appears to be a stenotic vessel which may be amenable to surgery then I refer to a surgeon because only a surgeon can determine whether it is a stenotic vessel amenable to the surgical procedure known as carotid endarterectomy (assuming the patient is otherwise an appropriate candidate for surgery).

Plaintiff's expert witnesses are in a better position than the trier of fact to have an opinion on the subject of whether Mr. Hamilton would have suffered a stroke but for Dr. Blackwell's failure to read the 29 November 1999 MRI. *Goode*, 341 N.C. at 529, 461 S.E.2d at 640.

The trial court erred by granting defendants' motion *in limine* to exclude plaintiff's experts' testimony regarding causation. Because the trial court erred by granting defendants' motion *in limine*, the trial court also erred by granting defendants' motion for summary judgment on the basis that "plaintiff has no competent evidence with regard to causation, an essential element of any medical malpractice claim . . . ."

## IV. Conclusion

The trial court did not err by revisiting defendants' motion *in limine*. The trial court erred by granting defendants' motion *in limine* to exclude plaintiff's experts. *Id.* The trial court also erred by granting defendants' motion for summary judgment. *Id.* The trial court's order granting defendants' motion *in limine* and motion for summary judgment is reversed. This case is remanded for further proceedings not inconsistent with this opinion.

Reversed and Remanded.

Judges JACKSON and STROUD concur.