KEENAN, Circuit Judge,
concurring:
I concur in the per curiam opinion of the majority of the members of this Court. I write separately to explain why I conclude that we are permitted to use the “modified categorical approach” in determining whether Vann’s indecent liberties convictions qualify as violent felonies within the meaning of the Armed Career Criminal Act, 18 U.S.C. § 924(e) (the ACCA).
The offense of “taking indecent liberties with children,” set forth in Section 14-202.1 of the North Carolina General Statutes (the indecent liberties statute), provides that:
(a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:
(1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or
(2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.
(b) Taking indecent liberties with children is punishable as a Class F felony.
N.C. GemStat. § 14-202.1.
As Judge King observes in his concurring opinion, North Carolina’s appellate courts have construed the indecent liberties statute as encompassing only one offense, rather than multiple offenses. See ante at 782-83 (discussing State v. Hartness, 326 N.C. 561, 391 S.E.2d 177 (1990); State v. Jones, 172 N.CApp. 308, 616 S.E.2d 15 (2005); State v. Jones, 99 N.C.App. 412, 393 S.E.2d 585 (1990)). But this characterization of the statute as a single offense, without more, oversimplifies the Supreme Court of North Carolina’s analysis in Hartness. The court in Hartness stated that, in the indecent liberties statute, the “single wrong is established by a finding of various alternative elements.” 391 S.E.2d at 180 (emphasis added). Additionally, the court explained that the single offense proscribed by the statute “may be proved by evidence of the commission of any one of a number of acts.” Id.
The Hartness analysis, explaining that the statute is composed of alternative elements, is supported by the plain language of the statute, which is cast throughout in the disjunctive. In addition to the two subsections of paragraph (a) that are stated in the disjunctive, each subsection contains more than one disjunctive reference, providing alternative elements that serve to establish the different statutory prohibitions comprising the single wrong recognized by North Carolina’s highest court.
The task in determining whether Vann was convicted of a “violent felony,” within the meaning of the ACCA, starts with consideration under the “categorical ap *799 proach” of the fact of Vann’s conviction and the alternative statutory elements of the offense. See Taylor v. United States, 495 U.S. 575, 599-602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Under this approach, a court considers only the various elements of the indecent liberties offense, not the facts leading to Vann’s conviction under that statute. See Chambers v. United States, 555 U.S. 122, 125, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009). I agree with Judge King’s conclusion that, in employing the categorical approach in this case, the government cannot establish that any of Vann’s previous convictions were for a “violent felony.”
I disagree, however, with Judge King’s conclusion that we may not employ the modified categorical approach in analyzing Vann’s prior convictions. Although Judge King correctly states that principles of federalism require us to apply the North Carolina courts’ construction of the indecent liberties statute as being composed of a “single offense,” this statement is incomplete. Here, principles of federalism require that we conduct our ACCA analysis •within the structural context of a statute that is composed of a single offense, but has been recognized by North Carolina’s highest court as having alternative elements describing different behaviors constituting an offense under the statute. These alternative elements are found in both subsections of paragraph (a) of the statute.
In determining whether this statutory framework of alternative elements permits us to employ the modified categorical approach in consideration of Vann’s prior convictions, the Supreme Court’s decision in Chambers provides helpful guidance. There, the Supreme Court discussed a Massachusetts statute at issue in an earlier case, Shepard v. United States, which contained alternative elements placing “within a single, separately numbered statutory section entitled ‘Breaking and entering at night,’ burglary of a ‘building, ship, vessel or vehicle.’ ” Chambers v. United States, 555 U.S. 122, 126, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009) (discussing Shepard v. United States, 544 U.S. 13, 16-17, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)) (citation omitted). The Supreme Court explained in Chambers that although the various proscribed behaviors were located within a single section of the Massachusetts statute, the different natures of the behaviors were the determinative factor in analyzing whether the statute encompassed more than one crime for purposes of the ACCA. Id. Thus, the Court stated that because “the behavior underlying, say, breaking into a building differs so significantly from the behavior underlying, say, breaking into a vehicle[,] that for ACCA purposes a sentencing court must treat the two as different crimes.” Id. (emphasis added).
The ultimate holding of Chambers involved the Court’s consideration of an Illinois statute that proscribed the different behaviors of failing to report for periodic imprisonment and of intentionally escaping from a penal institution. The Supreme Court concluded that the statute stated distinct criminal acts constituting two crimes for purposes of the ACCA. Id. at 126-27,129 S.Ct. 687.
The above discussion in Chambers, and its ultimate holding, reflect the fact that an essential function of the ACCA analysis is to determine, subject to constitutional restrictions, which proscribed criminal behavior in a disjunctively-worded statute formed the basis of a defendant’s conviction. This part of the ACCA analysis is rooted in identifying the acts proscribed by the various statutory elements, and does not depend on whether those behaviors are listed in one or several different *800 sections of a particular statute.[1] Thus, if a statute alternatively proscribes different acts that essentially constitute different crimes, only some of which would qualify as a “violent felony” within the meaning of the ACCA, the “modified categorical” approach may be employed to help a sentencing court identify the correct category of proscribed behavior of which the defendant was convicted. See Chambers, 555 U.S. at 126-27, 129 S.Ct. 687; Taylor, 495 U.S. at 602,110 S.Ct. 2143.
Upon examination of the indecent liberties statute and its alternative elements, it is apparent that the proscriptions of the statute, like the various behavioral proscriptions in the statutes discussed in Chambers, encompass behaviors that differ so significantly that they constitute conceptually distinct crimes for purposes of applying the ACCA. For example, under the indecent liberties statute, an adult’s act of taking an “improper,” as distinct from an “immoral” or “indecent,” liberty with a child “for the purpose of arousing or gratifying sexual desire” constitutes a violation of the indecent liberties statute under the first subsection of paragraph (a) of the statute. N.C. Gen.Stat. § 14-202.1(a)(l). Conversely, under a portion of the second subsection of paragraph (a), the statute is violated by an adult’s act of committing a lewd or lascivious act upon “any part or member of the body of the child.” N.C. Gen.Stat. § 14-202.1(a)(2).
In accordance with the Chambers analysis, although both proscribed behaviors would be statutory violations under alternative elements stated in the statute, the radically distinct natures of the above two proscribed acts require that they be treated as different crimes for ACCA purposes. The elements of the first violation identified above reference statutorily-proscribed behavior that is merely “improper” and, thus, is non-violent. By contrast, the elements of the second violation identified above proscribe acts that under the ACCA would be considered violent in nature.[2] In such situations, use of the modified categorical approach is appropriate to analyze the different behaviors proscribed by the statute to determine which statutory elements formed the basis of the defendant’s conviction. See Johnson v. United States, — U.S. -, 130 S.Ct. 1265, 1273, 176 L.Ed.2d 1 (2010). Thus, because the indecent liberties statute encompasses behaviors so radically different that the single statutory offense covers *801 conceptually different crimes for ACCA purposes, I conclude that Vann’s convictions may be examined under the modified categorical approach approved by the Supreme Court. See Chambers, 555 U.S. at 126, 129 S.Ct. 687.
This conclusion is not altered by the fact that North Carolina’s courts have held that the same conduct may be prosecuted under different alternative elements of the statute. The issue whether we may apply the modified categorical approach under the ACCA depends on an examination of the different criminal elements of a statute and on the stated behaviors that these elements proscribe, not on any particular conduct that may be encompassed by a given statutory proscription. See Johnson, 180 S.Ct. at 1273; Chambers, 555 U.S. at 125-27, 129 S.Ct. 687.
As the above discussion illustrates, the single offense of indecent liberties, as set forth in the North Carolina statute, can qualify as a “violent felony” under the ACCA, depending on which of the statute’s alternative elements are satisfied in a particular case. Therefore, in my view, we must consider whether the Shepard-approved documents in Vann’s case establish which of the conceptually different crimes Vann committed. Only if those documents yield a clear answer to this question may we proceed to the next step to determine whether the crime for which Vann was convicted was a “violent felony,” within the meaning of the ACCA. See Shepard, 544 U.S. at 24-26, 125 S.Ct. 1254; Taylor, 495 U.S. at 602, 110 S.Ct. 2143.
For the reasons stated in the per curiam opinion of the en banc majority, I conclude that, upon examining the applicable Shepard-approved documents under the modified categorical approach, the government cannot satisfy its burden of establishing the distinct statutory proscription of the indecent liberties statute underlying Vann’s convictions. Therefore, I conclude that we are not permitted to consider further whether Vann was previously convicted of a violent felony under the ACCA. Accordingly, I concur in the judgment of the Court vacating Vann’s sentence and remanding the case to the district court for further proceedings. I am pleased to state that Chief Judge Traxler, Judge Agee, Judge Wynn, and Judge Diaz join in this opinion.

. I disagree with Judge King's conclusion that the indecent liberties statute as a whole, including both subsection (a)(1) and subsection (a)(2), sets forth five fixed elements. In my view, this conclusion cannot be reconciled with the analysis of the highest court of North Carolina in Hartness that the statute is composed of alternative elements. See 391 S.E.2d at 180.

. In my view, a violation of subsection (a)(2) of the indecent liberties statute, "in the ordinary case,” James v. United States, 550 U.S. 192, 208, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007), carries the requisite "degree of risk” comparable to the enumerated crimes in 18 U.S.C. § 924(e)(2)(B)(ii). See Sykes v. United States, - U.S. -, 131 S.Ct. 2267, 2273, 180 L.Ed.2d 60 (2011). Under subsection (a)(2) of the North Carolina statute, as discussed, the indecent act must be committed "upon or with the body or any part or member of the body” of the minor. N.C. Gen.Stat. § 14-202.1(a)(2). Just as the "risk of violence is inherent to vehicle flight,” Sykes, 131 S.Ct. at 2273, so too the risk of violence is inherent in an adult’s commission of a "lewd or lascivious act” "upon or with the body or any part or member of the body” of the minor victim. Id.; see also Sykes, 131 S.Ct. at 2273 (observing that vehicle flight, like burglary, is dangerous because it can end in confrontation leading to violence). Thus, a violation of subsection (a)(2) of the indecent liberties statute ordinarily "presents a serious potential risk of physical injury to another” within the meaning of the ACCA’s residual clause. See 18 U.S.C. § 924(e)(2)(B)(ii).